666 So.2d 397 (1995)
Clifford Mark MONAGHAN and Michelle Theriot Monaghan
v.
Novell Kilpatrick CASERTA and Peggy L. Caserta, Fischer Southern Environmental Services, Inc., Couhig Pestaway of Covington, Inc., Gary Schoen, Property Plus, Inc. and Louisiana Pest Control Insurance Association.
No. 95 CA 0718.
Court of Appeal of Louisiana, First Circuit.
December 15, 1995.
*398 Perry M. Theriot, Mandeville, for Plaintiffs-Appellants Clifford M. Monaghan and Michelle T. Monaghan.
Ann Sico, New Orleans, for Defendants-Appellees Gary Schoen and Property Plus, Inc.
Leland R. Gallaspy, Covington, for Defendants-Appellees Novell K. Caserta and Peggy L. Caserta.
Suzanne M. Ganucheaux, New Orleans, for Defendants-Appellees Fischer Southern Environmental Services, Inc. and Couhig Pestaway of Covington, Inc.
Before LeBLANC, WHIPPLE and FOGG, JJ.
FOGG, Judge.
The issue raised on appeal in this action in redhibition and for damages, concerning the *399 sale of a piece of immovable property, is whether the trial court erred in granting a motion for summary judgment and dismissing plaintiffs' claims against the realtor. We reverse.
On April 7, 1994, the plaintiffs, Clifford Mark Monaghan and Michelle Theriot Monaghan, filed a petition in redhibition and for damages arising out of the sale of a residence and immovable property in St. Tammany Parish, alleging pre-existing termite infestation. Named as defendants were Novell Kilpatrick Caserta and Peggy L. Caserta, the vendors of the property; Fischer Southern Environmental Services, Inc., and/or Couhig Pestaway of Covington, Inc., the pest control company issuing the termite inspection report associated with the sale of the residence; Louisiana Pest Control Insurance Association, the bonding/insurance company for Fischer Southern Environmental Services, Inc.; Couhig Pestaway of Covington, Inc.; Property Plus, Inc., d/b/a the Prudential Louisiana Properties (hereinafter "Property Plus"), a real estate partnership which acted as the vendors' agent in the sale of the residence; and Gary Schoen, the real estate agent employed by Prudential Plus who acted as listing agent and agent for the property owners. With respect to Property Plus and Gary Schoen, the plaintiffs alleged, in their petition, that the "property transferred contained undisclosed and indiscoverable redhibitory defects in the form [sic] of extensive termite damage and live termite colonies in four previously undisclosed locations throughout the residence." They further asserted that Gary Schoen and Property Plus "were aware or should have been aware of the defects and failed to disclose the defects to plaintiffs." Therefore, the plaintiffs sought damages from the realtors for negligent misrepresentation under LSA-C.C. art. 2315. See Reeves v. Weber, 509 So.2d 158 (La.App. 1st Cir.1987).
Property Plus and Gary Schoen responded by filing a motion for summary judgment. The trial court granted the motion and dismissed the plaintiffs' action against those defendants with prejudice. The plaintiffs appeal that judgment.
A motion for summary judgment is a procedural device used to avoid a full-scale trial when there is no genuine factual dispute. Ouachita National Bank in Monroe v. Gulf States Land & Development Inc., 579 So.2d 1115 (La.App. 2d Cir.), writ denied, 587 So.2d 695 (La.1991). The motion should be granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, show that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966.
A fact is material if it is essential to the plaintiff's cause of action under the applicable theory of recovery and without which the plaintiff could not prevail. Material facts are those that potentially insure or preclude recovery, affect the litigant's ultimate success, or determine the outcome of a legal dispute. Penalber v. Blount, 550 So.2d 577 (La.1989); Haydel v. Hercules Transport, Inc., 94-0016 (La.App. 1st Cir. 4/7/95), 654 So.2d 408, writ denied, 95-1171 (La. 6/23/95), 656 So.2d 1018.
The burden is on the mover for summary judgment to show that no genuine issue of material fact exists, and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law is summary judgment warranted. In determining whether material facts have in fact been disposed of, any doubt is to be resolved against granting the summary judgment and in favor of trial on the merits. Sanders v. Hercules Sheet Metal, Inc., 385 So.2d 772 (La.1980); White v. Baker Manor Nursing Home, Inc., 400 So.2d 1168 (La. App. 1st Cir.), writ denied, 403 So.2d 68 (La.1981). To satisfy his burden, the party moving for the summary judgment must meet a strict standard by showing that the truth is quite clear and by excluding any real doubt as to the existence of a material fact. Vermilion Corporation v. Vaughn, 397 So.2d 490 (La.1981).
In support of their motion for summary judgment, Gary Schoen and Property Plus filed an affidavit of Gary Schoen. Therein, Mr. Schoen stated that his only knowledge of termite infestation was that information contained in the "Wood Destroying Insect *400 Report" or termite certificate which the Monaghans were aware of and which was signed by the Monaghans.
The plaintiffs opposed that motion by filing in the record the affidavit of Clifford Monaghan. Therein, he stated that at all meetings with personnel employed by Prudential Properties, including Schoen, the problem of termite damage was discussed; that he understood from the representations made by the agents of the sellers that the termite damage discussed in all of the documents he was asked to sign was that which he was aware of in the attic; that he understood that his choice at the closing, when he was first provided the "Wood Insect Destroying Report" was to sign the waivers of warranty or not buy the house; and that at the closing he understood from the representations of the agents that the only damage was that one spot in the attic.
Clearly, the plaintiffs discussed the sale of this property with employees of Property Plus other than Gary Schoen. However, only the affidavit of Gary Schoen is of record. Therefore, the knowledge possessed by Property Plus is open to question, notwithstanding the assertions of ignorance contained in the affidavit of Gary Schoen. Also, although the plaintiffs were cognizant of prior termite infestation, they were assured of the soundness of the rest of the house. Yet, the content of the conversations between the realtors and the plaintiffs is unclear. Therefore, questions of material fact, including the actual representations made to the plaintiffs with respect to the condition of the residence, remain. Finally, acceptance of the claim of lack of knowledge urged by the realtors would entail a credibility determination inappropriate for summary judgment. See Rodgers v. Johnson, 557 So.2d 1136 (La.App. 2d Cir.1990); Hemphill v. Strain, 341 So.2d 1186 (La.App. 1st Cir.1976), writ denied 343 So.2d 1072 (La.1977).
For the foregoing reasons, the judgment of the trial court granting the summary judgment is reversed, the motion for summary judgment is overruled, and the case is remanded to the district court for further proceedings. Costs of this appeal and those incurred in connection with the motion for summary judgment are cast against the appellees.
REVERSED AND REMANDED.