I «MARION F. EDWARDS, Judge.
The matter is before us on remand from the Louisiana Supreme Court.[1] In our original opinion,[2] we affirmed the holding of the trial court that Duckworth-Woods was entitled to a Garrett[3] offset of worker’s compensation benefits it paid to its employee Henry Lettellier. The offset involved a credit for Social Security Disability Benefits. Since that opinion was rendered, the Supreme Court has granted writs and remanded this case for reconsideration in light of its decision in Al Johnson Construction Co. v. Pitre,[4] overruling Garrett. The Court in Al Johnson Construction Co. held that an employer is not entitled to an offset for Social Security Disability Benefits under La.Rev.Stat. 23:1225(0.
¡¡¡In light of that opinion, we now hold that Duckworth-Woods is not entitled to an offset pursuant to La.Rev.Stat. 23:1225(0 since the Social Security Disability Benefits do not qualify as “benefits under disability benefit plans”. For the forgoing reasons, we now reverse the judgment of the trial court granting Duck-worth-Woods a credit, and hold that there be judgment in favor of Lettellier decreeing that Duckworth-Woods is not entitled to an offset/credit under La.Rev.Stat. 23:1225(0.
REVERSED.

. Duckworth-Woods Tire Service vs. Lettellier, 98-C-3059, (La.9/3/99); 747 So.2d 525.

. Duckworth-Woods Tire Service v. Lettellier, 98-494 (La.App. 5th Cir. 10/28/98); 720 So.2d 173.

. Garrett v. Seventh Ward General Hospital, 95-0017 (La.9/22/95), 660 So.2d 841.

. Al Johnson Construction Co. v. Pitre, 98-2564 (La.5/18/99), 734 So.2d 623)