762 So.2d 1119 (2000)
Glenn SHARP, Individually and on Behalf of Aaron Sharp and Sheila Sharp
v.
Charles T. HARRELL, Allstate Insurance Company, Maxmillian E. Zimmer, and Parish of St. Tammany.
No. 99 CA 0737.
Court of Appeal of Louisiana, First Circuit.
May 12, 2000.
Rehearing Denied July 25, 2000.
*1120 C.T. Williams, Jr., Aldric C. Poirier, Jr., Mary K. Peyton, Metairie, for Third-Party Plaintiff Appellant.
Lamar M. Richardson, Mandeville, for Defendant Appellee.
Before: SAUNDERS, DECUIR, PETERS, JJ.[*]
SAUNDERS, Judge.
Maximillian E. Zimmer (Zimmer), a third-party plaintiff, challenges the trial court's grant of a summary judgment and its dismissal of certain causes of action. We find genuine issues of material fact exist on this record which render the case inappropriate for summary judgment. We, therefore, reverse and remand for further proceedings.

Facts
On September 18, 1996, at the intersection of Henry Clay Street and G Street in Covington, Louisiana an automobile driven by Charles P. Harrell (Harrell), owned by his father Charles T. Harrell, struck a bicycle. Aaron and Sheila Sharp, the minor children of Glenn Sharp, were riding the bicycle. Harrell was traveling south on G Street and the Sharp children were traveling east on Clay Street.
Zimmer, the defendant/third-party plaintiff, owns the property on the corner of the intersection. However, Central Louisiana Electric Company (CLECO) has a Right-of-Way Permit for Electrical Distribution Lines over the area between Zimmer's property and the roadway. The permit dates back to 1955.
On May 22, 1997, Glenn Sharp (Plaintiff) filed suit against Charles T. Harrell, Allstate Insurance Company, St. Tammany Parish, and Zimmer for injuries his children sustained as a result of the accident. In the petition, Plaintiff alleges that an overgrowth of trees and bushes (foliage), located on Zimmer's property, obstructed the view of both the Sharp children and Harrell, the driver of the automobile.
Zimmer answered the petition and asserted that he does not have a duty to trim the overgrowth on the foliage. Alternatively, if such a duty existed, he did not breach the duty. Zimmer also included a third-party demand of indemnification and/or contribution against CLECO. The *1121 third-party demand alleged that CLECO, which possessed a servitude over the property at issue, had a duty to trim the overgrowth. More specifically, Zimmer stated that CLECO failed "to properly maintain the property" and failed "to cut trees and bushes" on the property. The Parish of St. Tammany also filed a third-party claim against CLECO.
CLECO responded with an exception of no cause of action, but the trial court overruled the exception. Subsequently, CLECO filed an Answer which consisted of a general denial and alternatively alleged comparative fault of the parties in the accident. On October 1, 1998, CLECO file a Motion for Summary Judgment and requested the dismissal of both Zimmer's and the Parish of St. Tammany's third-party claim. The trial court granted the motion and dismissed both claims against CLECO.

Summary Judgment
In Robertson v. Northshore Regional Medical Center, 97-2068, p. 5 (La. App. 1 Cir. 9/25/98); 723 So.2d 460, 463, this court set forth the standard of review for summary judgment cases and stated that:
Appellate courts review summary judgments de novo under the same criteria that govern the trial judge's consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152, 1155. A motion for summary judgment is properly granted only if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
. . .
The initial burden of proof is on the mover to show that no genuine issue of material fact exists. LSA-C.C.P. art. 966(C)(2). However, once the mover has made a prima facie showing that the motion should be granted, if the nonmovant bears the burden of proof at trial on the issue before the court, the burden shifts to him to present evidence demonstrating that material factual issues remain. LSA-C.C.P. art. 966(C)(2); Hayes v. Autin, 96-287 (La. App. 3rd Cir.12/26/96), 685 So.2d 691, 694, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41; J. Ray McDermott, Inc. v. Morrison, 96-2337 (La.App. 1st Cir.11/7/97), 705 So.2d 195, 202, writs denied, 97-3055, 97-3062 (La.2/13/98), 709 So.2d 753, 754. The adverse party may serve opposing affidavits.
The applicable substantive law determines the materiality of facts in dispute. "[S]ummary judgment procedure is rarely appropriate in a negligence case where the decision turns on a determination of whether the defendant's conduct constituted a tort, since such a determination almost always involves a factual dispute." McGill v. Cochran Sysco Foods, 29,154, p. 2 (La.App. 2 Cir. 2/26/97); 690 So.2d 952, 953, writ denied, 97-0798 (La.5/1/97); 693 So.2d 730. (Citations omitted.)
In granting CLECO's Motion for Summary Judgment, the trial court noted that (1) CLECO did not owe a duty as a matter of law, and (2) Mr. Harrell's lack of complaints to others regarding maintenance of the right-of-way. In reaching this ruling, the trial court relied heavily on the fact that Zimmer failed to introduce any evidence showing that the foliage obstructed the view of Harrell. This court in Caballero Planting Company, Inc. v. Hymel, 597 So.2d 35, 37 (La.App. 1 Cir.1992), stated:
[T]he failure of an opposing party to file opposing affidavits or other evidence does not automatically entitle the moving party to summary judgment. It is only after the moving party has shown that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law that the burden shifts to the party opposing the *1122 motion to come forward with specific facts establishing the existence of a genuine issue for trial.
(Citations omitted.)
Our review of the record convinces us that there is a genuine issue of material fact as to whether the overgrown foliage obstructed the view of the parties to the accident. CLECO argues that Harrell never complained about the foliage. Harrell's deposition reads as follows:
Q. [H]ave you ever complained to anybody that somehow the failure to maintain the right-of-way, the electric right-of-way, had something to do with this accident?
A. No.
It appears that CLECO interprets this question to mean that since Harrell has never complained then his view was not obstructed. However, the proper question to eliminate a genuine issue of material fact would specifically ask Harrell whether the overgrown foliage obstructed his view. Further, the Sharps' petition alleges that the overgrown foliage compromised the vision of the Sharp children also. CLECO, in its Motion for Summary Judgment, presents no evidence to defeat this material allegation. The law is clear that the burden to present evidence in a motion for summary judgment does not shift to the party opposing the motion until the moving party first presents evidence that no genuine issues of material fact exist. La. Code Civ.P. art. 966(C)(2). Accordingly, we find that there is a genuine issue of material fact.
CLECO alternatively argues that it does not owe a duty to motorists to cut the foliage located on its servitude. Zimmer argues that if later the trial court should find that he owed a duty to Plaintiffs to trim the foliage on his property then that duty should be imposed on CLECO. CLECO admits that it has a right of use servitude on the property at issue. According to the La.Civ.Code art. 645 a right of use servitude "is regulated by application of the rules governing usufruct and predial servitudes to the extent that their application is compatible with the rules governing right of use servitude." In our review of code articles regulating usufructs and predial servitudes, we note La.Civ. Code art. 577 which provides:
The usufructuary is responsible for ordinary maintenance and repairs for keeping the property subject to the usufruct in good order, whether the need for these repairs arises from accident, from the normal use of the things, or from his fault or neglect.
The naked owner is responsible for extraordinary repairs, unless they have become necessary as a result of the usufructuary's fault or neglect in which case the usufructuary is bound to make them at his cost.
In the instant case, CLECO is considered the usufructuary and Zimmer is considered the naked owner. Article 577 is clear and indicates that "ordinary maintenance" is CLECO's (usufructuary) responsibility. Extraordinary repairs are those repairs for reconstruction of a whole or of a substantial part of property. Simmons on Behalf of Simmons v. State Farm Fire and Cas. Ins. Co. (La.App. 3 Cir.1992), 607 So.2d 1080. Trimming foliage is not classified as an extraordinary repair. Therefore, it is clear from language of this article that CLECO does have a codal duty to take care of ordinary maintenance which includes trimming the overgrown foliage.
CLECO, in brief, asserts that the duty owed by the usufructuary is owed to the naked owner and not third parties. If this true, it is clear from CLECO's assertion and Article 577 that if Zimmer is found negligent in the principal matter then he is entitled to contribution and/or indemnification from CLECO. In conclusion, we find that CLECO failed to show the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law.

*1123 Decree
For the foregoing reasons, we find that the motion for summary judgment should not have been granted by the trial court. Accordingly, we reverse the judgment and remand this case for further proceedings.
All costs of appeal are assessed to CLECO.
REVERSED AND REMANDED.
NOTES
[*] Sitting pro tempore by appointment of the Supreme Court of Louisiana.