897 So.2d 25 (2004)
Rufus SHEPPARD, Barbara Sheppard, Minor Child Tiffany Holloway by Her Legal Representative Patsy Scott
v.
CITY OF BATON ROUGE, Baton Rouge City Police, Parish of East Baton Rouge, City Constable Richard Buddy Wilson, Greg Phares, Constable Alvin Jackson, Michael King, City Police Captain Patrick Walsh and Other Unnamed Officers to be Added.
No. 2002 CA 2421.
Court of Appeal of Louisiana, First Circuit.
September 17, 2004.
Writ Denied January 14, 2005.
*26 Wendell C. Woods, Baton Rouge, Counsel for Plaintiffs/Appellants Rufus Sheppard, et al.
Henry D.H. Olinde, Jr., Baton Rouge, Counsel for Defendants/Appellees Richard Buddy Wilson & Alvin Jackson.
James L. Hilburn, Baton Rouge, Counsel for Defendant/Appellee City of Baton Rouge.
Before: WHIPPLE, FITZSIMMONS and DOWNING, JJ.
DOWNING, J.
Rufus and Barbara Sheppard appeal a partial summary judgment that totally dismisses all claims against the Baton Rouge constable, Richard "Buddy" Wilson, and dismisses some of the Sheppards' causes of action against Deputy Constable Alvin Jackson, the Baton Rouge Constable's Office and the City of Baton Rouge. We reverse the summary judgment dismissing Richard "Buddy" Wilson from this litigation. In all other respects, we dismiss this appeal as being premature in that the judgment appealed is not final and has not been certified pursuant to La. C.C.P. art. 1915 B.

RICHARD "BUDDY" WILSON
Where a judgment dismisses one party from the principal demand and resolves all issues between the parties, it is a final judgment immediately appealable under both La. C.C.P. art. 1915(A)(1) and (A)(3). Motorola, Inc. v. Associated Indem. Corp., 02-0716, pp. 10-11 (La.App. 1 Cir. 4/30/03), 867 So.2d 715, 721. A trial court's designation or certification of such judgment as final for appeal is unnecessary. Motorola, 02-0716 at p. 10, 867 So.2d at 721. Here, the judgment is final and appealable in connection with Richard "Buddy" Wilson as it dismisses him from the suit and resolves all claims against him. We therefore review the merits of the appeal as it relates to Wilson.
In reviewing the record we find a motion for summary judgment filed by Wilson and Deputy Constable Jackson, individually and in their official capacities. The record contains no opposing affidavits or other opposition demonstrating factual support sufficient to establish that the Sheppards will be able to satisfy their evidentiary burden of proof at trial. While the judgment and the trial court's oral reasons reflect that the court heard cross-motions *27 for summary judgment, the record does not contain a motion for summary judgment from the Sheppards, and neither party complains that the record is incomplete. The trial court granted summary judgment in favor of Wilson, noting that there was no evidence he was personally involved.
In his motion for summary judgment, Wilson "points out" by brief that the Sheppards lack factual support for any claim against him. Wilson's motion is not supported by affidavit or other evidence regarding his personal liability. Wilson did not refute the allegations of paragraph 51 of the Sheppard's petition, which alleges Wilson failed to properly train and supervise his employees.
Louisiana Code of Civil Procedure art. 967 B provides as follows:
When a motion for summary judgment is made and supported as provided above, an adverse party may not rest on the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided above, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be rendered against him.
The article states that when a motion for summary judgment is "made and supported as provided above," then a party may not rely upon his pleadings but must by "affidavit, or as otherwise provided, set forth specific facts showing that there is a genuine issue for trial." The inverse implication is that if an unsupported motion for summary judgment is made, then the opposing party may rely upon his pleadings. This position appears to be supported in the First Circuit by Estain v. U.S. Dept. of Transp. and Development, 01-0554 (La.App. 1 Cir. 5/10/02), 819 So.2d 375.
In Estain, no affidavits or other evidence were filed with the motion for summary judgment and nothing was offered into evidence by either party at the hearing. The court cited "plaintiffs' allegations" as the basis for finding a factual dispute and stated:
The law is well settled that in the case of summary judgment, the record as a whole must show that all critical elements of the opposing party's case have been put to rest, regardless of whether the opposing party filed counter affidavits. This is because the burden of proof is on the mover to present a prima facie case; the opponent has to prove nothing if a prima facie case is not made. Charleston v. Berry, 97-2527, p. 5 (La.App. 1st Cir.12/28/98), 723 So.2d 1069, 1072-1073.
Estain, 01-0554 at p. 4, 819 So.2d at 378.
Charleston cites several cases in footnote one for the proposition that the burden of proof is on the mover to present a prima facie case and the opponent has nothing to prove if a prima facie cases is not made and, therefore, the opponent need not offer affidavits. However, if these cases are examined, they all state pre-1996 jurisprudence concerning the application of La. C.C.P. art. 966 C(2).
We turn our focus to La. C.C.P. art. 966 C(2), which was amended in 1996. Interpretation and application of La. C.C.P. art. 966 C(2) and La. C.C.P. art. 967 B are intrinsically interrelated. In Sharp v. Harrell, 99-0737 (La.App. 1 Cir. 5/12/00), 762 So.2d 1119, the first circuit cites pre-1996 jurisprudence requiring the mover to show (apparently by affidavit, etc.) that there are no genuine issues of material fact before the burden shifts to the opposing party. It also allows the opposing party to rely upon his pleadings. The opinion then interprets the post-1996 version of C.C.P. art. 966(C)(2) to state:

*28 The law is clear that the burden to present evidence in a motion for summary judgment does not shift to the party opposing the motion until the moving party first presents evidence that no genuine issues of material fact exist. La.Code Civ.P. art. 966(C)(2).
Sharp, 99-0737 at p. 5, 762 So.2d at 1122.
La. C.C.P. art. 966 C(2) actually says the following:
The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.
Under this article, where a movant does not have the burden of proof at trial, he must "point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." Does "point out" mean by brief? Once an opposing party "points out," the adverse party, if he has the burden of proof at trial, is required to produce factual support sufficient to establish his evidentiary burden of proof at trial or he loses the motion.
Since a party does not point out things in factual affidavits, the obvious implication is that a litigant does not have to file affidavits to "point out." Therefore, a defendant's motion for summary judgment pointing out that the other side cannot prove its case should be sufficient to trigger the requirement that the adverse party file affidavits and that he not be able to rest on the mere allegations of his petition.
For example, should a defendant in a medical malpractice case who knows his opponent cannot find an expert be required to hire an expert to refute the unsupported allegations of plaintiff's petition or should he simply be able to file an unsupported motion stating that plaintiff will not be able to present evidence that the doctor breached the standard of care and thereby cause the burden to shift to plaintiff to "produce factual support" unaided by the allegations of his petition?
In a very well written but apparently much ignored law review article, Stephen Anthony Pitre, The Pelican State Amends Summary Judgment: Recent Louisiana Jurisprudence Uncertain About Legislative Intent, 43 Loy. L.Rev. 97 (Spring 1997), the author states that C.C.P. art 966 was amended to adopt the United States Supreme Court's ruling in Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Louisiana summary judgment articles basically follow Federal Rule of Civil Procedure 56. The Supreme Court stated that under Rule 56(c), that the party who does not have the burden of proof at trial is not required to file affidavits with its motion but may simply "point out" to the court in its motion that the non-mover's case lacks an essential element of evidence and, thereafter, the moving party is entitled to a judgment as a matter of law if the non-moving party does not make a showing by affidavit or otherwise, unaided by his petition.
The author does note that even though it appears to have been the intent of the Legislature to shift the burden of producing evidence to the party that has the burden of proof at trial, the words, "the burden of proof remains with the movant," *29 were curiously inserted and seem to negate that intent. He, however, suggested that it was not the intent of the Legislature to restate the pro-nonmovant rule.
The Louisiana Supreme Court has not cited this law review article but has followed the premises it set out:
This court has explained the effect of the 1997 amendment as follows:
This amendment, which closely parallels the language of Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), first places the burden of producing evidence at the hearing on the motion for summary judgment on the mover (normally the defendant), who can ordinarily meet that burden by submitting affidavits or by pointing out the lack of factual support for an essential element in the opponent's case. At that point, the party who bears the burden of persuasion at trial (usually the plaintiff) must come forth with evidence (affidavits or discovery responses) which demonstrates he or she will be able to meet the burden at trial. Once the motion for summary judgment has been properly supported by the moving party, the failure of the non-moving party to produce evidence of a material factual dispute mandates the granting of the motion.
Costello v. Hardy, 03-1146, p. 9 (La.1/21/04), 864 So.2d 129, 137-138.
Costello states that the non-moving party may submit affidavits or "point out," which seems to clearly suggest that pointing out is by brief and not by affidavit. Thereafter, the non-moving party must produce evidence, which would indicate that he cannot rely upon his pleadings. However, the court then notes that the defendant produced exhibits and, at that point, the burden shifted to plaintiff to produce factual support. Costello, 03-1146, p. 11, 864 So.2d at 139.
The Louisiana Supreme Court has not directly ruled that the non-moving party needs more than the allegations of his petition to support his opposition if the motion for summary judgment is unsupported by affidavits. And, it is clear that if the moving party files an affidavit negating an element of the non-movants claim, then the non-movant cannot rely upon the allegations of his pleadings. See Brown v. Manhattan Life Insurance Company, 01-0147 (La.6/29/01), 791 So.2d 74. However, the Louisiana Supreme Court continues to make statements implying that an affidavit is required: "Defendants satisfied this burden by submitting Mr. Moreau's affidavit ..." Brown, 01-0147 at p. 5, 791 So.2d at 77.
In Babin v. Winn-Dixie Louisiana, Inc., 00-0078 (La.6/30/00), 764 So.2d 37, the court states the Celotex holding that the mover may meet his burden by submitting affidavits or by pointing out. The court then says Winn-Dixie pointed out an absence of factual support but seems to qualify the burden shift by stating that Winn-Dixie filed an affidavit in support of the motion and "[a]t that point, the burden shifted to plaintiff." Babin, 00-0078 at p. 5, 764 So.2d at 40.
Since the Louisiana Supreme Court states that Louisiana follows Celotex, then the party who does not have the burden of proof should be able to point that out in the motion for summary judgment, unsupported by affidavits, and the burden should then shift to the non-moving party. If the non-moving party fails to file affidavits to support the elements of his case, then he should lose the motion. Nonetheless, since the Louisiana Supreme Court has qualified its opinions, the First Circuit cases allowing a party to rely upon his pleadings when the motion for summary judgment is not supported by affidavits must be followed until they are clearly, not impliedly, *30 overruled. And the First Circuit jurisprudence appears to require that an opponent must submit affidavits and point out rather than submit affidavits or point out to eliminate reliance on pleadings under La. C.C.P. art. 967 B.
This position, however, should be supported for post-1996 reasons. As the Fourth Circuit explained in Williams v. Memorial Medical Center, 03-1806, p. 14 (La.App. 4 Cir. 3/17/04), 870 So.2d 1044, 1053, writ denied, 04-0963 (La.6/4/04), 876 So.2d 93, the moving party may satisfy its burden merely by "pointing out" the absence of support for one or more essential elements of the opponent's claim, but this "pointing out" should be more than a bare assertion. Wilson's motion for summary judgment and brief do no more than make such bare assertions. Accordingly, we conclude that "pointing out" must be more than a bare assertion in a motion for summary judgment or brief. We also conclude that Wilson has not sufficiently "pointed out" the absence of factual support with his bare assertions such that the Sheppards were required under La. C.C.P. art. 966 C(2) to produce factual support showing that they would be able to satisfy their burden of proof.
Therefore, we return our analysis to La. C.C.P. art. 967 B. As in the matter before us, where the motion for summary judgment is unsupported by affidavits, admissible pleadings, depositions, answers to interrogatories or admissions on file "pointing out" the opposing party's inability to satisfy his evidentiary burden of proof at trial, the opposing party may rely on the allegations of his pleadings. See La. C.C.P. art. 967 B and discussion above. (However, if the motion for summary judgment is supported, then the opposing party may not rely solely on his pleadings. La. C.C.P. art. 967 B.) Because Wilson's motion for summary judgment was unsupported regarding his lack of personal liability, the Sheppards' allegations in paragraph 51 of their petition are sufficient to raise an issue of material fact to defeat the motion for summary judgment.
The Sheppards" assignment of error that summary judgment was improperly granted in favor of Wilson has merit. We reverse the judgment of the trial court in this regard.

FINALITY OF JUDGMENT
In addition to dismissing Wilson from the lawsuit, the judgment denied the Sheppards' motion for summary judgment, dismissed certain claims against Jackson and the Constable's Office/City of Baton Rouge, and maintained other claims against them. The judgment was not certified as final pursuant to La.C.C.P. art. 1915 B(1). We first observe that by the plain terms of La.C.C.P. art. 968, no appeal lies from the denial of a motion for summary judgment. See also Belanger v. Gabriel Chemicals, Inc., 00-0747, p. 5 (La.App. 1st Cir.5/23/01), 787 So.2d 559, 563. Next, under the terms of La.C.C.P. art. 1915 B(2), the remainder of the judgment is not final or immediately appealable. This article provides as follows:
In the absence of such a determination and designation [of finality after an express determination that there is no just reason for delay], any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights *31 and liabilities of all the parties. (Brackets and emphasis added.)
We note that a duty panel of this court recalled the court's ex proprio motu rule to show cause, and, thus, initially maintained the appeal.[1]See Sheppard v. City of Baton Rouge, et al., 02-2421 (La.App. 1 Cir. 11/24/03), unpublished. However, on further review, we conclude that under the terms of La. C.C.P. art. 1915 B(2), the judgment is not final or appealable regarding the various claims of the parties.
Accordingly, we dismiss the remainder of the appeal.

DECREE
We reverse the judgment of the trial court insofar as it dismisses Richard "Buddy" Wilson and remand for further proceedings. In all other respects, the appeal is dismissed. Costs are assessed to the parties equally.
REVERSED IN PART AND REMANDED; APPEAL DISMISSED IN PART.
WHIPPLE, J., concurs for reasons assigned.
FITZSIMMONS, J., concurs and assigns reasons.
WHIPPLE, J., concurring.
I concur in the result. I agree that there is insufficient evidence before us to show that Wilson was entitled to judgment in his favor as a matter of law. See Estain v. U.S. Dept. of Transp. and Development, 01-0554 (La.App. 1st Cir.5/10/02), 819 So.2d 375. Indeed, on de novo review, I find the record as it presently stands could not justify summary judgment, i.e., judgment as a matter of law, in any party's favor on any claim or defense.
Thus, I concur in the result reached by my learned colleague, including the remand of this matter.
FITZSIMMONS, J., concurs and assigns reasons.
FITZSIMMONS, J., concurring, with reasons.
I respectfully concur. A summary judgment shall be rendered "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and the mover is entitled to a judgment as a matter of law." La. C.C.P. art. 966 B. Thus, reference to at least one of these listed items of record, which serve as the "evidence" on a motion for summary judgment, will be needed. While affidavits are listed, the phrase, "if any," negates any mandate for their inclusion. See Celotex Corporation v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). In most cases, a moving defendant will need the aid of his own pleadings and discovery responses to meet his initial burden under La. C.C.P. art. 966 C(2). In the rare case, the defendant may be able to "point out" the absence of proof for the plaintiff's case by reference only to the plaintiff's own pleadings and lack of discovery information. However, to be upheld, this must be done by the defendant with specificity as to which facts are absent, and with the defendant explaining how the missing facts are necessary to the establishment of a particular, material element. *32 A truly unsupported motion for summary judgment, that is, one made without reference to any record document as "evidence," would contain only conclusory language and cannot meet the requirements of La. C.C.P. art. 966 B. If the moving defendant successfully supports his motion, the burden shifts to the plaintiff as the adverse party. At that point, the "adverse party may not rest on the mere allegations or denials of his pleadings, but his response, by affidavits, or as otherwise provided above, must set forth the specific facts showing that there is a genuine issue for trial." La. C.C.P. art. 967 B (Emphasis added.) If the moving defendant does not meet his burden of proof, the burden does not shift to the plaintiff, and the motion would be denied.
NOTES
[1] The other panel also denied a motion and order to dismiss appeal filed by Wilson and Jackson on November 21, 2002. It further maintained the appeal after recalling a show cause rule it issued on December 9, 2002. These rulings maintained the appeal against challenges that the notice of appeal was untimely and that no copy of the judgment was included in the record.