896 So.2d 1073 (2004)
Dina Ann Moore LEON, et al.
v.
Berkley Rhorer MOORE, et al.
No. 2003 CA 2612.
Court of Appeal of Louisiana, First Circuit.
October 29, 2004.
*1074 Whit M. Cook, II, Baton Rouge, Counsel for Plaintiffs/Appellants Dina Ann Moore Leon, et al.
Ralph E. Hood, Baton Rouge, Counsel for Defendants/Appellees Richard S. Rhorer and Rhorer Mutual Industries, Inc., et al.
R.J. Calonge, Jr., Baton Rouge, Pro Se  Defendant R.J. Calonge, Jr.
Before: WHIPPLE, FITZSIMMONS, and DOWNING, JJ.
FITZSIMMONS, J.
On September 11, 1996, plaintiffs, Dina Ann Moore Leon, Faith B. Kennedy, appearing as provisional curator of her daughter, Tonya Faith Moore, Nita Elizabeth Moore Pankin, and Madeline Odell Moore Thompson, filed a suit for damages against defendants, Berkley Rhorer Moore, Richard S. Rhorer (Richard), Rhorer Mutual Industries, Inc. (Rhorer Mutual), and R.J. Calonge, Jr. The petition alleged that the defendants conspired to defraud the plaintiffs as universal legatees of their father's succession. Richard Rhorer and Rhorer Mutual filed a motion for summary judgment, which was granted by the trial court. Plaintiffs appealed. We reverse.
Anthony H. Moore, Jr. died on April 14, 1994. His wife, Berkley Rhorer Moore was named as the executrix, and R.J. Calonge, Jr. was employed as the succession attorney. Except for the grant to his wife of a usufruct on particular properties, Mr. Moore left his estate to his four daughters, the plaintiffs in this case. The estate included all of the outstanding shares of a corporation, Railway Maintenance, Inc. (RMI). On September 12, 1994, Mrs. Moore, acting as the succession representative, sold RMI to Rhorer Mutual. The primary consideration for the sale was Rhorer Mutual's acceptance of RMI's outstanding and future liabilities. In the sale, the heirs of Mr. Moore agreed to "forego any and all future action(s), if any, against the purchaser," Rhorer Mutual. The heirs were also asked to execute separate documents consenting to the sale.
In the 1996 petition for damages, the plaintiffs made various allegations against the defendants. Among them was an assertion that Richard, individually, and as President and sole shareholder of Rhorer Mutual, conspired with Mrs. Moore to purchase RMI for less than fair value. The plaintiffs specifically alleged that Richard and Mrs. Moore failed to give the daughters "all of the material information within their knowledge concerning the true value of RMI, and/or gave them incomplete, insufficient, and/or false information concerning the value of RMI ...." Additionally, the plaintiffs asserted that at the time of the sale Tonya was an incompetent, and the other daughters were not sophisticated in financial or business dealings. Dina, Nita, and Madeline alleged that they relied on the misrepresentations made by Richard and Mrs. Moore to their detriment, and were damaged by them. Further, the plaintiffs alleged that Richard required them to sign consents to the sale. However, but for the misrepresentations of material facts, the plaintiffs would not have consented to the sale by the succession for less than full value.
On February 28, 2000, Richard and Rhorer Mutual filed a motion for summary judgment. In support, Richard attached an affidavit attesting that neither he nor "any officer, director, or agent of Rhorer Mutual ever entered into a contract or *1075 other type of agreement for the purchase of stock of [RMI] with the legatees of Anthony B. Moore, Jr., the plaintiffs in this suit."
In opposition to the motion for summary judgment, the plaintiffs filed affidavits. In their affidavits, Dina and Madeline stated that Richard required them to consent in writing to the sale and to waive any future claims that might arise from the sale. In particular, the two affiants related various statements made to them by Richard, including the following:
1. RMI was insolvent and the bank was going to foreclose on outstanding loans,
2. RMI would fail without additional financing, which RMI's bank had refused to supply,
3. The loss of key employees was damaging the company,
4. RMI's liabilities exceeded its assets, which could render the estate insolvent, and
5. Richard's offer was the "best deal" for the business.
Further, the plaintiffs asserted that other bidders had not been given sufficient data for their offers and Richard did not tell them that his research revealed the possibility of future profitability for the business.
The plaintiffs also filed numerous documents including depositions by Richard, Mrs. Moore, Mike Rohrer, and a banking officer, who was knowledgeable about RMI and the financing of Rhorer Mutual at the time of the sale. In his deposition, the banker testified that at the time in question, RMI was paying its bills, and the bank was not aware of any financial problems; essentially stating that the bank was not contemplating foreclosure. In the deposition of Mike Rhorer, the acting manager of RMI, he testified that the loss of employees after Mr. Moore's death did not significantly harm the business.
In its oral reasons for judgment, the trial court found that:
Mrs. Berkley Moore as the duly appointed executrix acting as a succession representative was the person who had a personal responsibility to act as a prudent administrator, and Mrs. Berkley Moore, not Richard Rhorer or Rhorer Mutual Industries, Inc., ... had the responsibility for all damages resulting from any failure to properly collect, preserve, and manage the property of the succession (Louisiana Civil Code Procedure Article 3191).
By judgment dated September 6, 2000, the trial court granted the motion for summary judgment and dismissed Richard and Rohrer Mutual from the suit, with prejudice.[1]
Summary judgment is properly granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966 B. The burden of proof remains with the movant. However, if the moving party will not bear the burden of *1076 proof on the issue at trial and points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, the burden shifts. Then, the non-moving party must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial on the challenged element. If the adverse party fails to meet this burden, there is no genuine issue of material fact, and summary judgment will be granted. La. C.C.P. art. 966 C(2).
An appellate court's review of a grant or denial of a motion for summary judgment is de novo. Thus, we ask the same questions as the district court in determining whether summary judgment is appropriate: whether there is any genuine issue of material fact, and whether the mover is entitled to judgment as a matter of law. Jones v. Estate of Santiago, XXXX-XXXX, p. 5 (La.4/14/04), 870 So.2d 1002, 1006; Western Sizzlin Steakhouse v. McDuffie, XXXX-XXXX, p. 3 (La.App. 1 Cir. 3/28/03), 844 So.2d 355, 357, writ denied, XXXX-XXXX (La.6/20/03), 847 So.2d 1236. "In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact." Hines v. Garrett, XXXX-XXXX, p. 1 (La.6/25/04), 876 So.2d 764, 765. Doubts must be resolved in the non-moving party's favor. Id.
There is no general duty to speak, but if one does speak, he may be liable for any intentional misrepresentation (fraud) or any negligent misrepresentation. [Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law] § 5-7(h) [(1996)]. In Devore v. Hobart Mfg. Co., 367 So.2d 836, 839 (La.1979), citing with approval, White v. Lamar Realty, Inc., 303 So.2d 598 (La.App. 2nd Cir.1974), [the supreme] court recognized `that Civil Code articles 2315 and 2316 ... "afford a broad ambit of protection for persons damaged by intentional and negligent acts of others ..." sufficient to encompass a cause of action ....'
Daye v. General Motors Corp., XXXX-XXXX, pp. 9-10 (La.9/9/98), 720 So.2d 654, 666 (Kimball, J. dissenting); see Griffin v. BSFI Western E & P, Inc., 2000-2122, p. 8 (La.App. 1 Cir. 2/15/02), 812 So.2d 726, 734. Tortious misrepresentation is subject to a duty-risk analysis. Daye, XXXX-XXXX at p. 7, 720 So.2d at 659. Fraud can also be pled in a contractual action. See La. C.C. art. 1953.
On the motion for summary judgment, the trial court found that Code of Civil Procedure article 3191, governing the powers and duties of a succession representative, defeated the plaintiffs' claims against Richard and Rhorer Mutual. While we agree that article 3191 applied to the alleged breaches of fiduciary duty by the succession representative, Mrs. Moore, the article does not control the disposition of allegations of misrepresentation by parties who are not succession representatives.[2] If a third party attempts to defraud or mislead an heir, that party should be responsible for the consequences of his own tortious acts. La. C.C. art. 2315 & 2316. Thus, article 3191 in itself does not defeat the claims of misrepresentations made against Richard S. Rhorer or Rhorer Mutual Industries, Inc. If the trial court weighed the evidence or made credibility determinations, those decisions also may not serve as a basis for summary judgment. See Williams v. Storms, 2001-2820, *1077 p. 10 (La.App. 1 Cir. 11/8/02), 835 So.2d 755, 763; Monaghan v. Caserta, XXXX-XXXX, p. 4 (La.App. 1 Cir. 12/15/95), 666 So.2d 397, 400.
The burden on the motion for summary judgment was on the movants, Richard and Rhorer Mutual. See La. C.C.P. art. 966 C(2). In his affidavit filed in support of the motion, Richard asserted that the plaintiffs were not direct parties to the contract of sale of RMI and neither he nor Rhorer Mutual stood in a position as a fiduciary to the plaintiffs, the daughters of the deceased. However, those assertions do not address the plaintiffs' affidavits, and supporting documentation, alleging tortious misrepresentations made by Richard, acting individually and as an agent for Rhorer Mutual, that misled the plaintiffs into an agreement with defendants not to oppose the sale and acceptance of an unfair price; actions they assert caused them damage. In other words, issues of material fact remained and the affidavit submitted by the movers did not sufficiently negate the essential elements of the plaintiffs' claims. See La. C.C.P. art. 966 C(2). Thus, after our de novo review, we find that the motion for summary judgment should have been denied. See La. C.C.P. art. 966 B.
Alternatively, Richard and Rhorer Mutual argue that any tort claims that may have been alleged have prescribed. However, the record contains no peremptory exception raising the objection of prescription. The exception of prescription must be "specially pleaded." La. C.C.P. art. 927 B. It cannot be raised solely by a reference in a brief or argument. Bergeron v. Houma Hosp. Corp., 514 So.2d 1192, 1194-95 (La.App. 1 Cir.1987), writs denied, 517 So.2d 812 (La.1988).
For these reasons, we reverse the grant of summary judgment in favor of defendants-appellants, Richard Rohrer and Rhorer Mutual, and remand for further proceedings. The costs of this appeal are assessed to defendants-appellees, Richard Rhorer and Rhorer Mutual.
REVERSED AND REMANDED.
DOWNING, J., concurs and assigns reasons.
DOWNING, J. concurring.
I agree that Richard Rhorer and Rhorer Mutual Industries, Inc. are not entitled to a grant of summary judgment. Their pleading and affidavit do not establish their initial entitlement to summary judgment as a matter of law.
First, the defendants' motion for summary judgment together with the attending affidavit seem to imply that they are entitled to summary judgment on the basis that no privity of contract exists between them and the plaintiff heirs. The contract was between Rhorer Mutual and the succession representative, not Rhorer Mutual and the heirs.
A succession representative has the capacity to make contracts and sue on behalf of the succession. La. C.C. art. 685. However, the heirs have seizin of succession assets immediately after the death of the testator. La. C.C. art. 940 (1994). The heirs are the real parties in interest.
Through their motion, defendants are tacitly attempting to raise the exception of lack of procedural capacity. This objection has been waived. La. C.C.P. art. 926. Thus, so has any claim of lack of privity between them and the plaintiff heirs.
Further, as the writing author points out, the motion for summary judgment and affidavit fail to show that plaintiffs are not entitled to some or all of the tort relief they seek. Therefore, there is no burden on the plaintiffs to show their ability to prevail on these issues. La. C.C. P. art. 966 B. Sheppard v. City of Baton Rouge, *1078 02-2421, pp. 4-5 (La.App. 1 Cir. 9/17/04), 897 So.2d 25, 27-28, 2004 WL 2071704.
NOTES
[1] In the succession proceedings, the four daughters eventually agreed to dismiss a motion they had filed to remove Mrs. Moore as executrix for breaches of her fiduciary duty. In response to the petition for damages at issue here, Mrs. Moore filed a peremptory exception raising the objection of res judicata. She argued that the suit for damages was based on the same allegations made in the removal motion. The trial court denied the exception. This court reversed, granted the exception of res judicata, and dismissed the claims against Mrs. Moore. See Leon v. Moore, XXXX-XXXX (La.App. 1 Cir. 4/1/99), 731 So.2d 502, writ denied, 99-1294 (La.7/2/99), 747 So.2d 20.
[2] In a brief to this court, plaintiffs also assert the alleged facts support an action for unjust enrichment.