791 So.2d 74 (2001)
Ellen BROWN
v.
The MANHATTAN LIFE INSURANCE COMPANY, et al.
No. 2001-C-0147.
Supreme Court of Louisiana.
June 29, 2001.
*75 John T. Balhoff, II, Martha Y. Curtis, James M. Garner, Klein, McAlister & Hilbert, New Orleans, Counsel for Applicant.
Robert L. Walsh, Erika R. Schwarz, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, New Orleans, Jack M. Capella, Metairie, John M. Mamoulides, Gretna, David J. Motter, Metairie, Counsel for Respondent.
PER CURIAM.[*]
At issue in this case is whether defendants are entitled to summary judgment, on the ground that plaintiff has failed to present any evidence that her deceased husband's life insurance policy was in effect at the time of his death. For the reasons that follow, we conclude summary judgment in defendants' favor is appropriate.

FACTS AND PROCEDURAL HISTORY[1]
Sometime in 1993, John Marshall Brown obtained a policy of life insurance from *76 The Manhattan Life Insurance Company ("Manhattan Life") and named his wife, Ellen, as beneficiary. On February 3, 1995, Manhattan Life notified Mr. Brown that the pre-authorized check for his January 1995 premium had been returned by the bank for insufficient funds. On March 2, 1995, Manhattan Life notified Mr. Brown that his policy was in a state of lapse because the pre-authorized check for his January and February premiums had been returned "Account Closed." On March 19, 1995, Manhattan Life formally notified Mr. Brown that his policy had lapsed due to non-payment of premium. In the same letter, Manhattan Life informed Mr. Brown that he could reinstate his policy benefits by (1) completing an application for reinstatement, and (2) returning it with the premium due.
On April 5, 1995, Mr. Brown sent a check to his insurance broker, Levy & Associates, Ltd. ("Levy & Associates"), in the amount of $514.44, representing the January, February, March, and April premiums. However, Mr. Brown did not complete a reinstatement application. When Manhattan Life received Mr. Brown's check, it deposited the funds into a holding account pending receipt of the reinstatement application.
On May 25, 1995, Manhattan Life was advised that Mr. Brown did not wish to reinstate his life insurance policy. On June 6, 1995, Manhattan Life reimbursed Mr. Brown the sum of $514.44. Mr. Brown cashed this check on June 12, 1995.
Manhattan Life then received a telephone call from Mr. Brown, advising that he did, in fact, wish to reinstate his policy. On June 21, 1995, Levy & Associates, apparently at the direction of Manhattan Life, forwarded another reinstatement application to Mr. Brown, and instructed him to complete the application and return it with a check for the premium due. On July 14, 1995, Levy & Associates received the completed reinstatement application from Mr. Brown, but did not receive the required premium payment. On July 20, 1995, Levy & Associates advised Mr. Brown that the reinstatement application would be held until Mr. Brown paid $1,028.88, representing the premium due through the month of August 1995. By letter dated July 27, 1995, Levy & Associates again requested that Mr. Brown submit the premium payment. The letter further informed Mr. Brown that upon receipt of the check for the premium, "we will forward all information to The Manhattan Life Insurance Company for processing."
On August 8, 1995, Mr. Brown was killed in an automobile accident. It is undisputed that Mr. Brown did not tender a premium payment of $1,028.88 prior to his death.
Subsequently, Ellen Brown, as Mr. Brown's beneficiary, submitted a claim for benefits under the policy. Manhattan Life informed her that the policy had lapsed and had not been reinstated, and refused to make payment on the policy. Mrs. Brown thereafter filed the instant suit, naming as defendants Manhattan Life, Levy & Associates, and Mike Levy Associates, Inc. ("Mike Levy Associates").[2] In the petition, plaintiff alleged that her husband's policy had lapsed as a result of "an *77 improper billing procedure" and was not reinstated timely due to the negligence of Levy & Associates and/or Mike Levy Associates.
Mike Levy Associates and Manhattan Life subsequently filed motions for summary judgment, arguing that plaintiff was not entitled to the death benefit under the life insurance policy because the policy was not in effect at the time of Mr. Brown's death. In support of the motions, Manhattan Life introduced the affidavit of Michael Moreau, its conservation and change unit manager, attesting to the lapse of Mr. Brown's policy and his failure to reinstate the policy before his death. Plaintiff introduced no evidence opposing the motions.
After a hearing, the district court granted the motions for summary judgment and dismissed plaintiff's suit against Mike Levy Associates and Manhattan Life.[3] In its reasons for judgment, the district court found that Mr. Brown's policy lapsed prior to his death and that he did not comply with the terms of the insurance contract pertaining to reinstatement.
Plaintiff appealed the district court's judgment. A five-judge panel of the court of appeal reversed the judgment of the district court in a divided decision.[4] The majority held that genuine issues of material fact precluded summary judgment in favor of defendants. One judge dissented, finding there are no issues of fact precluding summary judgment absent some affirmative proof by plaintiff that the insurance policy was in effect at the time of her husband's death.
Upon the application of Mike Levy Associates and Manhattan Life, we granted certiorari to review the correctness of the court of appeal's ruling.[5]

DISCUSSION
An insurance policy is a contract between the parties and should be construed employing the general rules of interpretation of contracts set forth in the Louisiana Civil Code. Smith v. Matthews, 611 So.2d 1377 (La.1993); Pareti v. Sentry Indem. Co., 536 So.2d 417 (La.1988). If the words of the policy are clear and unambiguous, the agreement must be enforced as written. Central La. Elec. Co. v. Westinghouse Elec. Corp., 579 So.2d 981 (La.1991).
In the instant case, the Manhattan Life policy under which plaintiff seeks to recover clearly and unambiguously provides that a death benefit is payable to the beneficiary "[i]f the Insured dies while this policy is in force." [emphasis added] In their motions for summary judgment, defendants contended that Mr. Brown's life insurance policy was not in force at the time of his death, nor was the failure to renew the policy due to any negligence on the part of defendants. Pursuant to La.Code Civ. P. art. 966(C)(2), defendants' burden on the motion does not require them to negate all essential elements of plaintiff's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to plaintiff's claim. Defendants satisfied this burden by submitting Mr. Moreau's affidavit attesting to the lapse of Mr. Brown's policy due to Mr. Brown's failure to pay his premium and his failure to return the reinstatement forms prior to his death.
*78 Once defendants satisfied their burden, the burden shifted to plaintiff to produce factual support sufficient to establish that she will be able to satisfy her evidentiary burden of proof at trial. La. Code Civ. P. art. 966(C)(2); Hardy v. Bowie, 98-2821 (La.9/8/99), 744 So.2d 606; Hayes v. Autin, 96-287 (La.App. 3d Cir.12/26/96), 685 So.2d 691, writ denied, 97-0281 (La.3/14/97), 690 So.2d 41. However, plaintiff introduced no evidence opposing the motions for summary judgment. Absent some affirmative proof by plaintiff that Mr. Brown paid his premium and submitted his renewal forms prior to his death, or that the failure to do so was due to some negligence on the part of defendants, the insurer is not obligated to pay the death benefit to plaintiff.
The majority of the court of appeal concluded summary judgment was improper in this case because there are material issues of fact concerning (1) whether the Levy defendants[6] were acting as agents for Manhattan Life, (2) whether Mr. Brown intended to reinstate his policy, and (3) whether Manhattan Life, through its agents, had knowledge of this intent. However, even assuming for sake of argument that there is some dispute over these facts, such a dispute is not a sufficient basis to deny summary judgment.
A fact is material for purposes of summary judgment if its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. Ross v. Schwegmann Giant Super Markets, Inc., 98-1036 (La.App. 1st Cir.5/14/99), 734 So.2d 910, writ denied, 99-1741 (La.10/1/99), 748 So.2d 444; Dumas v. Angus Chem. Co., 31,398 (La.App. 2d Cir.12/9/98), 728 So.2d 434, writ denied, 99-0397 (La.4/9/99), 740 So.2d 631. As stated previously, plaintiff's recovery hinges upon whether she can prove the policy was in force at the time of Mr. Brown's death, or should have been in force but for defendants' neglect. Defendants have demonstrated that Mr. Brown failed to pay the required premium and submit a reinstatement application prior to his death. Therefore, the question of whether Mr. Brown had "intent" to reinstate his policy is irrelevant, in light of the fact that he did not follow the required procedure to reinstate the policy. For the same reasons, the question of whether the Levy defendants were acting as agents for Manhattan Life and whether Manhattan Life had knowledge through its agents of Mr. Brown's purported "intent" to reinstate is not relevant.
In sum, we find there are no genuine issues of material fact precluding summary judgment in favor of defendants. Accordingly, the district court properly granted the motions for summary judgment, and the judgment of the court of appeal must be reversed.

DECREE
For the reasons assigned, the judgment of the court of appeal is reversed. The district court's judgments granting summary judgment in favor of The Manhattan Life Insurance Company, Mike Levy Associates, Inc., Michel Levy Boudreaux, and Continental Casualty Company and dismissing plaintiff's claims with prejudice are reinstated. All costs in this court are assessed against plaintiff.
NOTES
[*] Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, sitting for Associate Justice Harry T. Lemmon; Judge Felicia Toney Williams, of the Court of Appeal, Second Circuit assigned as Justice Pro Tempore, sitting for Associate Justice Bernette J. Johnson.
[1] Because this case arises in the context of a motion for summary judgment, the record is not well developed. However, the underlying facts, which are largely taken from the exhibits attached to the motions for summary judgment as well as requests for admissions which were deemed admitted under La.Code Civ. P. art. 1467, are not disputed by the parties.
[2] Levy & Associates and Mike Levy Associates are unrelated entities. In the briefs in this matter, as well as in the court of appeal's opinion, there is apparently some confusion over the exact actions attributable to Levy & Associates and Mike Levy Associates.
[3] Levy & Associates also filed a motion for summary judgment. That motion, which was granted by the district court and not appealed, is not before us.
[4] Brown v. Manhattan Life Ins. Co., 99-1328 (La.App. 5th Cir.12/13/00), 778 So.2d 45.
[5] Brown v. Manhattan Life Ins. Co., 01-0147 (La.3/23/01), 787 So.2d 1004.
[6] The court of appeal grouped Levy & Associates and Mike Levy Associates together in a single category.