MAX N. TOBIAS, JR., Judge.
_JjThe plaintiff, Katherine Johnson, a former Loyola University graduate student, appeals the judgment of the district court granting summary judgment in favor of the defendant, Loyola University of New Orleans (“Loyola”), finding Loyola properly complied with the terms of a Release between the parties by conferring upon Ms. Johnson a Master of Education degree with a major in Counseling. For the following reasons, we affirm in part and remand the matter for further proceedings.
PROCEDURAL HISTORY AND FACTUAL BACKGROUND
This litigation arises out of a series of events occurring between Loyola and Ms. Johnson. In December 2007, after receiving a failing grade in a Loyola practicum course, Ms. Johnson filed a complaint with the U.S. Department of Education, Office for Civil Rights (“OCR”), alleging age and race discrimination and other violations of law, by Loyola and its employee, Dr. LeAnne Steen. Dr. Steen was Ms. Johnson’s professor supervising the practicum who had given her |2the failing grade, thus making Ms. Johnson ineligible to become a licensed professional counselor.[1]
On 18 February 2008, following negotiations conducted by counsel for both parties attempting to resolve Ms. Johnson’s complaint, Ms. Johnson and Loyola entered into a confidential Release agreement in connection with a mediation involving the U.S. Department of Education.[2] According to the Release, in consideration of Ms. Johnson’s agreement to surrender, waive, release, and forever discharge Loyola and all of its affiliates, including employees, from any and all claims and causes of action, Loyola agreed to award her a “Masters [sic] of Education degree with a major in Counseling” (the “ME degree”),[3] a degree that did not require the successful completion of the failed practicum course. Ms. Johnson was eligible for the ME degree by virtue of successfully completing the course requirements for the ME degree while enrolled as a graduate student at Loyola. Pursuant to the Release, Loyola conferred a diploma and the ME degree upon Ms. Johnson, effective 10 May 2008.[4]
Following execution of the Release and Loyola’s purported issuance of the degree,[5] *921 Ms. Johnson requested a copy of her transcripts from Loyola’s Office of lsStudent Records. On 2 June 2008, a transcript Loyola issued to Ms. Johnson incorrectly stated that she was then currently enrolled as a student in the College of Social Sciences seeking a Master of Science with a major in Counseling. This copy of Ms. Johnson’s transcript did not reflect that a degree of any kind had been awarded. Two weeks later, upon her request of 16 June 2008, a second transcript was issued to Ms. Johnson. This transcript indicated that a degree had been awarded to Ms. Johnson, although it erroneously stated that a Master of Science with a major in “Graduate Education” had been awarded rather than a Master of Education (which was printed on the diploma issued five weeks prior) with a major in Counseling as agreed to by the parties in the Release.
Ms. Johnson avers she was hired by the University of New Orleans (“UNO”) and, as a condition of her employment, was required to submit a copy of her Loyola transcript to the Department of Human Resources confirming that she had earned a ME degree. She claims Loyola was in breach of the Release because Loyola did not timely provide an accurate transcript specifying the correct degree, causing her to sustain thousands of dollars in damages.
In August 2008, believing Loyola to be in breach of the Release for failing to timely issue the ME degree, Ms. Johnson filed a complaint with the Louisiana Licensed Professional Counselors Board of Examiners Disciplinary Committee (“LA LPC”) against her former professor, Dr. Steen, in the alleged hopes that LA[4LPC could help her obtain the degree. Her complaint was eventually dismissed by the LA LPC around March 2009.
Loyola issued a third transcript on 2 October 2008, this time to Dr. Edward Kvet from Loyola’s Office of Academic Affairs, that finally indicated the correct degree that had been awarded to Ms. Johnson — a Master of Education with a major in Counseling — in accordance with the express terms of the Release.
By letter dated 9 December 2008, counsel for Loyola put Ms. Johnson on notice that, because of her complaint filed with the LA LPC, she was in violation of the Release and that it intended to retract its award of the ME degree if she did not withdraw the complaint by 15 December 2008. Thereafter, on 22 December 2008, Loyola’s counsel advised Ms. Johnson by letter that it was rescinding the ME degree for her failure to withdraw the complaint filed with the LA LPC. In response, Ms. Johnson sent a letter dated 27 December 2008 to Loyola’s counsel, Brooke Duncan, III, alleging that Loyola was in violation of the Release for failing to confer the ME degree as agreed. Specifically, Ms. Johnson stated that the diploma issued states that Loyola conferred a “Master of Education” and not a “Masters [sic] in Education with a major in Counseling.” Further, Ms. Johnson asserted that *922 the degree issued by Loyola was “worthless” as the curriculum and/or course work she completed did not comply with the required course work for an education degree in Louisiana and because it was “not a certified degree.”
On 15 June 2009, Ms. Johnson filed a Petition for Specific Performance and Damages against Loyola seeking enforcement of the February 2008 Release and “monetary compensation for all damages and losses” allegedly sustained as a result of Loyola’s failure to timely issue the degree and for issuing a degree which she claims is “worthless” and not accredited.
| ¡jLoyola filed a motion for summary judgment on 27 April 2011, averring that it was entitled to judgment in its favor as a matter of law regarding Ms. Johnson’s claim for specific performance on the basis that it had complied with the terms of the Release by conferring upon Ms. Johnson the exact degree upon which the parties negotiated and agreed: a Master of Education with a major in Counseling.[6] Loyola’s motion was originally set for hearing on 3 June 2011. Ms. Johnson was personally served with the motion on 28 April 2011.[7]
Ms. Johnson filed an opposition to Loyola’s motion on 26 May 2011, alleging, inter alia, that (a) Loyola never awarded her the bargained-for degree, (b) the diploma is not evidence of the degree, and (c) Loyola had not met its evidentiary burden of proof under the summary judgment standard. In support ofJjjher motion, Ms. Johnson attached a number of non-authenticated exhibits[8] and her affidavit.
*923 On 5 July 2011, three days prior to the re-scheduled hearing, Ms. Johnson filed a motion to continue in order to obtain legal counsel to represent her at the hearing on the motion; the motion for continuance was denied on 6 July 2011.[9]
17FoIlowing the 8' July 2011 hearing on Loyola’s motion and for orally assigned reasons, finding that no genuine issue of material facts existed, as to whether Ms. Johnson was entitled to specific performance, the trial court rendered judgment in favor of Loyola on 18 July 2011 dismissing Ms. Johnson’s claims, implicitly including her claims for damages. From this judgment, Ms. Johnson timely devolutively appealed.[10]
STANDARD OF REVIEW
The standard of review in this case pursuant to La. C.C.P. arts. 966 and 967 and the jurisprudence can be summarized as follows:
Appellate courts review the grant or denial of a motion for summary judgment de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiffs cause of action under the applicable theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could disagree; if reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.
*924 ■The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of factions. Summary judgments are favored, and ■ the summary judgment procedure shall be construed to accomplish these ends. The code provides that where [as in the instant case] the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party’s claim, but rather to point out to the court that an absence of factual support exists for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. The adverse party cannot rest on the mere allegations or denials of his pleadings when a motion for summary judgment is made and supported by affidavits, but is required to present evidence establishing that material facts are still at issue.
DISCUSSION
Loyola’s motion for summary judgment addressed solely the issue of whether Ms. Johnson was entitled to specific performance of the Release; it did not address her claim for damages. Thus, the motion is actually a motion for partial summary judgment. The trial court determined that based on the uncontroverted evidence presented by Loyola, no genuine issues of material fact remained as to whether Loyola had complied with the specific terms of the Release by awarding Ms. Johnson the exact degree upon which the parties, both represented by counsel, had agreed, to-wit: the ME degree. On appeal, Ms. Johnson argues that the trial court erred because she presented countervailing evidence suggesting that a genuine issue of material fact exists regarding whether the degree issued by Loyola actually complies with the terms of the Release. We disagree.
The Release, a copy of which was attached to Loyola’s motion, states in pertinent part:
|9Loyola will provide me the following consideration, receipt of which is hereby acknowledged: a Masters [sic] degree in Education with a major in Counseling.
In further support of its motion, Loyola presented a true copy of Ms. Johnson’s diploma and transcript, as attested to by Roger White, Loyola’s Vice Provost of Academic Programs, verifying the degree awarded to Ms. Johnson. The diploma, dated 10 May 2008, states that Loyola’s “College of Social Sciences has conferred upon Katherine S. Johnson the degree of Master of Education, with all of the honors, rights and privileges pertaining thereto.” Affixed to the diploma is the University’s seal and the signatures of the Dean of the College of Social Sciences, Alfred L. Lorenz, and Loyola’s President, Reverend Kevin Wm. Wildes, SJ. Ms. Johnson’s transcript, transmitted on 2 October 2008, reflects that the “Degree Awarded [was a] Master of Education [from the] College of Social Sciences, May 10, 2008, Major: Counseling.” According to the affidavit of Dr. White, Ms. Johnson was eligible for a Master of Education degree with a major in Counseling by virtue of her successful completion of the academic requirements for the ME degree while enrolled as a graduate student at Loyola. Dr. White further attested that “Loyola had the authority to award Ms. Johnson the Degree, notwithstanding that it was no longer then accepting students into the Master of Education program and had discontinued its Education Department.”
*925 In an attempt to create an issue of material fact, Ms. Johnson attached to her opposition copies of her transcripts dated 2 June 2008 and 16 June 2008, respectively, suggesting that Loyola had not conferred upon her the degree upon which the parties had previously agreed. Specifically, Ms. Johnson asserts that the transcripts issued to her in June 2008 leave unresolved the question of whether linLoyola conferred a degree of Master of Science ■with a major in Graduate Education or a Master of Education with a major in Counseling. We disagree.
Ms. Johnson failed to provide an affidavit or other evidence authenticating these June 2008 transcripts as true and correct. Further, we conclude that the most recent transcript dated 2 October 2008, properly authenticated by Dr. White as a true copy, which details her coursework and specifies the degree conferred, resolves any factual issue as to the actual degree awarded to Ms. Johnson. At best, the earlier transcripts suggest that an internal error occurred, which Loyola’s Office of Student Records eventually corrected.
Next, Ms. Johnson avers a material issue of fact remains regarding whether Loyola specifically performed since, at the time it awarded the ME degree to her, Loyola was not accredited by the Council for Higher Education Accreditation (“CHEA”) and/or the guidelines of the Council on Accreditation of Counseling and Education Related Programs (“CACREP”) to confer a Master of Education degree with a major in Counseling. Dr. White’s affidavit, however, specifically states that, despite the fact that Loyola’s Education Department had been discontinued, Loyola retained the requisite authority to award the degree to Ms. Johnson. Other than argument and conjecture, Ms. Johnson failed to submit admissible evidence to refute Dr. White’s affidavit or that would otherwise create a genuine issue of material fact on this issue. It is well-settled that a summary judgment cannot be defeated by mere argument. Argument of counsel and briefs, no matter how artful, are insufficient to raise a genuine issue of material fact. Haney v. Davis, 04-1716, pp. 9-10 (La.App. 4 Cir. 1/19/06), 925 So.2d 591, 597.
Moreover, we find that while Ms. Johnson’s allegations suggesting that the degree issued by Loyola was unaccredited, uncertified, unlawful, and/or worthless Inmay or may not be relevant to the underlying cause, La. C.C. art. 1967, et seq., of the Release, they are irrelevant to the narrow issue of specific performance, which is the only issue that was before the trial court on the motion for summary judgment; that is, the issue before the court was whether Loyola conferred upon Ms. Johnson a Master of Education degree with a major in Counseling as agreed to by the parties in the Release. The issue of whether the degree Loyola agreed to confer upon Ms. Johnson in the Release is fraudulent and/or worthless is completely separate and distinct from the issue of whether Loyola specifically performed under the Release by conferring the degree to which it agreed to award. All other matters, such as damages, whether the degree was fraudulent and/or worthless, etc., were not at issue before the trial court on Loyola’s motion to have Ms. Johnson’s claim for specific performance dismissed.
Based on the authenticated evidence submitted by Loyola in support of its motion for summary judgment on the issue of specific performance, we find Loyola met its evidentiary burden of establishing its compliance with the express terms of the Release by conferring the exact degree upon which the parties agreed, thereby precluding Ms. Johnson from prevailing on *926 her claim for specific performance. Accordingly, we affirm the trial court’s granting of Loyola’s motion for partial summary judgment dismissing Ms. Johnson’s claim for specific performance.
The unanswered question for this court is whether Loyola’s performance pursuant to the Release was timely, such that its delay in submitting a correct transcript showing the actual degree conferred caused Ms. Johnson to sustain damages as alleged in her petition as supplemented and amended. Loyola asserts |12that it issued to Ms. Johnson the agreed upon degree when it mailed her diploma to her in June 2008. Contrariwise, Ms. Johnson contends that a diploma is not the equivalent of an actual degree, but rather, a copy of her Loyola transcript specifying the degree awarded constitutes the degree.
Pursuant to La. C.E. art. 102, we find that the appropriate, most rehable evidence to establish the degree conferred upon Ms. Johnson in this case was not the diploma, but rather, her Loyola transcript since this is the document that ultimately reflected that, indeed, a Master of Education with a major in Counseling had been awarded to Ms. Johnson in accordance with the terms of the Release. We hold that the diploma is mere evidence of the degree conferred. If the diploma on its face does not indicate a specific major, one must resort to the official transcript or other documentation to establish the specialty in which the degree was conferred.
The record establishes that it was not until October 2008, five months after Loyola issued Ms. Johnson’s diploma, that Loyola finally released a corrected transcript verifying that the degree Loyola actually awarded was a Master of Education with a major in Counseling. We conclude that there remain genuine issues of material fact as to whether Ms. Johnson sustained any damages as a result of Loyola’s five-month delay in submitting a corrected transcript and/or whether the delay was reasonable. We thus must reverse the trial court’s judgment insofar as it dismissed Ms. Johnson’s claims in their entirety. Accordingly, we must remand the matter to the trial court for further proceedings.
Finally, we find that the trial court did not abuse its discretion in failing to grant Ms. Johnson’s last minute motion to continue the 8 July 2011 hearing.
| ^CONCLUSION
For the foregoing reasons, we affirm in part the trial court’s judgment in favor of Loyola on Ms. Johnson’s claim for specific performance;[11] we reverse the trial court’s judgment insofar as it dismissed all of Ms. Johnson’s claims. We remand the matter for further proceedings regarding whether Loyola was entitled to rescind the ME degree awarded to Ms. Johnson, and for a determination of damages, if any, sustained by Ms. Johnson in accordance with her petition as supplemented and amended.
AFFIRMED IN PART; REVERSED IN PART; REMANDED

. In a letter dated 15 July 2009, OCR notified Loyola that it had completed its investigation of Ms. Johnson’s complaint and concluded insufficient evidence existed of unlawful discrimination.

. Ms. Johnson was represented by counsel at all times when the Release was confected and agreed to by all parties. The record further indicates that Ms. Johnson has been represented by at least five different attorneys since 2008 involving her claims against Loyola.

. The correct name of the degree is a "Master of Education degree with a major in Counseling.” The distinction is immaterial to our resolution of this case; however, for clarity in this opinion, we are required to refer to the degree using the full agreed upon degree’s name.

. For reasons that will become apparent herein, a distinction exists between a diploma and a degree.

. According to Loyola, Ms. Johnson’s diploma was originally mailed to her on 13 June 2008. A second copy was sent to her on 27 June 2008. Ms. Johnson contends she never received either of these mailings as she was no longer living at the address to which they were mailed. On 6 August 2008, a copy of *921 the diploma was also sent to the attorney then representing her, Courtney Wilson, accompanied by a letter from the OCR, indicating that Ms. Johnson’s underlying claim had been dismissed. In a letter to Loyola’s counsel dated 27 December 2008, Ms. Johnson confirmed receiving a copy of her diploma through Mr. Wilson, but complained that the document read, " ‘Masters [sic] of Education’, not ‘Masters [sic] in Education with a Major in Counseling.’ ” Ms. Johnson denies, however, ever having personally received a copy of the degree — specifically, a copy of her transcript— evidencing that the ME degree had been awarded. She contends that none of the attorneys representing her ever received a copy of the degree. The record is devoid of summary judgment evidence, i.e., affidavits from her former counsel, supporting her contention that a copy of the transcript was, in fact, never received on her behalf.

.In support of its motion, Loyola attached the following exhibits:
Exhibit A: Letter to Rev. Kevin Wm. Wildes from Angela M. Hights, Office for Civil Rights, Dallas Office;
Exhibit B: Release agreement between Loyola and Ms. Johnson, dated 18 February 2008;
Exhibit C: Affidavit of Roger White, Loyola Vice Provost for Academic Programs, including exhibits "A” (Ms. Johnson's 10 May 2008 diploma) and "B” (Ms. Johnson’s transcripts dated 2 October 2008);
Exhibit D: Email to Elnora Stokes, Office for Civil Rights, Dallas Office, from Roger White, Loyola Vice Provost for Academic Programs, dated 16 June 2008;
Exhibit E: Letter from Courtney Wilson from Brooke Duncan, III, dated 6 August 2008;
Exhibit F; Certified Copy of Records of the Louisiana License Professional Counselors Board of Examiners;
Exhibit G; Letter to Ms. Johnson from Brooke Duncan, III, dated 9 December 2008;
Exhibit H: Letter to Ms. Johnson from Brooke Duncan, III, dated 22 December 2008;
Exhibit I: Letter to Brooke Duncan, III, from Ms. Johnson dated 27 December 2008; and
Exhibit J: Plaintiff's Petition for Specific Performance and Damages.

. The sheriff’s return bears a notation that the 3 June 2011 hearing on Loyola’s motion was continued to 8 July 2011.

. Ms. Johnson’s opposing exhibits include:
Exhibit 1: Copy of Louisiana Act No. 206 of 2010;
Exhibit 2: Loyola’s 10 May 2008 Commencement Program;
Exhibit 3: Letter to Ms. Johnson from Clare Jupiter, Esq., dated 11 March 2008;
Exhibit 4: Publication of 2008 graduates of Loyola and degrees conferred;
Exhibit 5: Copy of Ms. Johnson’s official transcript from Loyola dated 2 June 2008;
Exhibit 6: Copy of Ms. Johnson’s official transcript from Loyola dated 16 June 2008;
Exhibit 7: Email from Roger White to Ms. Johnson dated 27 June 2008;
Exhibit 8: Email from Roger White to Ms. Johnson dated 16 June 2008;
Exhibit 9: Louisiana Administrative Code Bulletin 746;
Exhibit 10.: Letter to Courtney Wilson from Brooke Duncan, III, dated 6 August 2008, and original of diploma issued by Loyola to Ms. Johnson;
*923 Exhibit 11: Letter to LA LPC from Ms. Johnson dated 8 May 2011;
Exhibit 12: Email from Ms. Johnson to Angela Brocato Hoffer dated 22 August 2007;
Exhibit 13: Letter to Clare Jupiter from Brooke Duncan, III, undated;
Exhibit 14: Letter from Margaret Sims, Community Manager, The Highland Club Apartments dated 17 May 2011, and Federal Express tracking slip, undated;
Exhibit 15: Southwest Texas University Form;
Exhibit 16: Loyola Remediation Plan, Option 1 & 2;
Exhibit 17: Reappointment Contract submitted by Dr. Vera Triplett, Chief Operations Officer, Capital One/UNO Charter Schools signed by Ms. Johnson, undated;
Exhibit 18: Texas Penal Code, Title 7, Sub-chapter D, Sec. 32.52, Deceptive Trade Practice;
Exhibit 19: Excerpts from Complaint by Ms. Johnson to Louisiana Attorney Disciplinary Board, undated; and
Exhibit 20: Sworn Affidavit of Ms. Johnson dated 24 May 2011.

. According to the record, Ms. Johnson filed a First Supplemental and Amending Petition on 1 July 2011, in proper person, setting forth new causes of action for damages against Loyola, including a claim for unfair trade practices, unjust enrichment, a violation of La. R.S. 17:2075 for allegedly conferring upon her a fraudulent degree, violation of Louisiana Administrative Code Bulletin 746, tortuous interference with a contract, and defamation. The trial court signed an order allowing the filing of the supplementation and amendment on 6 July 2011.

. In January 2012, J. Douglas Sunseri of the law firm of Nicaud & Sunseri enrolled as counsel for Ms. Johnson.

. The trial court had dismissed Ms. Johnson's suit in its entirety.