| | | |
|---|---|---|
| CAROLYN BRINDELL, JOHN BRINDELL III, CONNIE DUPAY, AND CHRISTOPHER BRINDELL, EACH INDIVIDUALLY AND ON BEHALF OF JOHN BRINDELL JR. | * | NO. 2022-CA-0155 |
| | * | |
| | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| | * | |
| | | STATE OF LOUISIANA |
| VERSUS | * * * * * * * | |
| CARLISLE INDUSTRIAL BRAKE AND FRICTION, INC., ET AL. | | |

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-09716, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Paula A. Brown)

Lindsey A. Cheek
Jeanne St. Romain Arceneaux
THE CHEEK LAW FIRM
650 Poydras Street, Suite 2310
New Orleans, LA 70130

Thomas M. Flanagan
Anders F. Holmgren
FLANAGAN PARTNERS LLP
201 St. Charles Avenue, Suite 3300
New Orleans, LA  70170

Melissa Schopfer, pro hac vice
Jean-Michel Lecointre, pro hac vice
Michael K. Hibey, pro hac vice
Daniel P. Blouin, pro hac vice
Donald P. Blydenburgh, pro hac vice
Jacqueline G. Badders, pro hac vice
SIMMONS HANLY CONROY LLC
1 Court Street
Alton, IL 62002


COUNSEL FOR PLAINTIFF/APPELLANT

Joseph L. McReynolds
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, LA 70130

Christopher O. Massenburg
Jeanette S. Riggins
B. Adam Hays
Meghan B. Senter
Amana L. Deto
MG+M LAW FIRM
365 Canal Street, Suite 3000
New Orleans, LA 70130

COUNSEL FOR DEFENDANT/APPELLEE


**AFFIRMED**

**September 28, 2022**

*DLD*
*RLB*
*PAB*

John Brindell, Jr. was diagnosed with malignant mesothelioma on May 15, 2019, allegedly caused by and as a consequence of his exposure to asbestos.  Mr. Brindell died on July 6, 2019.

On September 17, 2019, Mr. Brindell's surviving spouse, Carolyn Brindell, and his children, John Brindell, III, Connie Dupay and Christopher Brindell (hereinafter collectively known as "the plaintiffs"), filed a wrongful death and survival action against numerous defendants, alleging causes of action based upon both negligence and strict liability.  In their petition for damages, the plaintiffs allege that Mr. Brindell was employed as a mechanic by Puerto Rico Marine Management, Inc.[1] ("PRMMI") at the Port of New Orleans from approximately 1970 through 1984 and it was during this period of time that he was exposed to asbestos and asbestos containing products.  Mr. Brindell's work consisted primarily of repairing and maintaining the brakes and axels on chassis and trailers. On January 27, 2020, the plaintiffs filed their first supplemental and amending

---

[1] Puerto Rico Marine Management, Inc. was also known as Navieras.

1

petition to name and add several defendants, including CRA Trailers, Inc. f/k/a Great Dane Trailers, Inc. ("CRA/Great Dane").

Following a period of time for discovery, CRA/Great Dane filed a motion for summary judgement on July 23, 2021. In its motion for summary judgment, CRA/Great Dane argued that Mr. Brindell worked for PRMMI at the Port of New Orleans from 1976 to 1981 and it was only after this time that the roll-on/roll-off ("Ro/Ro") cargo service method was used at the Port of New Orleans. Ro/Ro service is when the cargo is moved on and off using ramps; trailers are literally driven on and off of a vessel. This is in contrast to the lift-on/lift-off ("Lo/Lo") cargo service method where shipping containers are picked up and stacked with a crane. The containers sit and are moved on standalone chassis before and after they are loaded or unloaded.

CRA/Great Dane further argues that because Ro/Ro cargo service was not used at PRMMI's facilities at the Port of New Orleans before 1982, no CRA/Great Dane trailers, nor any standalone chassis attributable to it were or could have been present at the Port of New Orleans while Mr. Brindell was working for PRMMI. This is because CRA/Great Dane did not manufacture any chassis before 1982 and there were no CRA/Great Dane trailers present at the Port of New Orleans before the Ro/Ro cargo service method was utilized beginning in 1982. CRA/Great Dane supported its motion for summary judgement with a copy of Mr. Brindell's Social Security records, the marine logs, the affidavit of Kit Hammond, a longtime engineer and former president of Great Dane, as well as the affidavit testimony of

2

three of Mr. Brindell's former co-workers at PRMMI, Eric Jupiter, Raymond Kain, and Keith Poleto.

At the hearing on CRA/Great Dane's motion for summary judgment, the plaintiffs implicitly conceded that CRA/Great Dane's trailers or chassis may not have been present or serviced at PRMMI's facility at the Port of New Orleans during Mr. Brindell's employment by PRMMI.  Instead, the plaintiffs argued, contrary to the allegations in their petition, that Mr. Brindell was exposed to asbestos allegedly present in CRA/Great Dane trailers after his employment with PRMMI had ended because he was still working at the terminal, but for another employer, Flexi-Van Leasing.  Plaintiffs' counsel argued that this was "a speculative thing that the jury might be able to link together with the evidence if the evidence does show that."

On October 19, 2021, the district court granted CRA/Great Dane's motion for summary judgment and dismissed all of the plaintiffs' claims against CRA/Great Dane with prejudice.  It is from this judgment that the plaintiffs now appeal.

On appeal, the plaintiffs raise the following lone assignment of error: "The district court erred by entering summary judgment in favor of Great Dane, thereby terminating this litigation as to Great Dane."

"Appellate courts review the grant or denial of summary judgment *de novo*, using the same criteria applied by trial courts to determine whether summary judgment is appropriate." *Ducote v. Boleware*, 2015-0764, p. 6 (La. App. 4 Cir.

3

2/17/16), 216 So.3d 934, 938-939 (citing *Johnson v. Loyola*, 2011-1785, pp. 7-8 (La. App. 4 Cir. 8/8/12), 98 So.3d 918, 923-24). "This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, to determine whether they show that no genuine issue of material fact exists, and the mover is entitled to judgment as a matter of law." *Id.* "A genuine issue is one as to which reasonable persons could disagree." *Id.* "An appellate court may affirm summary judgement only if it finds that reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of law on the facts." *Id.*

The summary judgment procedure is favored in Louisiana, and the governing rules should be applied to accomplish a just, speedy, and inexpensive resolution of every action. La. C.C.P. art. 966 (A)(2). Pursuant to Louisiana Code of Civil Procedure article 966(A)(3), "a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." A fact is "material" if its existence or non-existence is essential to the plaintiff's cause of action under the applicable theory of recovery. *Brown v. Manhattan Life Ins. Co.*, 2001-0147, p. 6 (La. 6/29/01), 791 So.2d 74, 78.

On a motion for summary judgment, the burden of proof is on the mover. La. C.C.P. art. 966 (D)(1). However, if the mover will not bear the burden of proof at trial, the mover's burden on the motion does not require it to negate all essential elements of the non-moving party's claim, but simply to show the non-moving party's inability to meet its burden on one or more essential elements. *Id.*

4

Thereafter, if the non-moving party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, there is no genuine issue of material fact, and the mover is entitled to judgment as a matter of law. *Id.*

Causation in an asbestos case requires proof that a plaintiff suffered exposures to asbestos above background attributable to a specific defendant, and that such exposures were a substantial contributing factor in causing the plaintiff's asbestos-related injury. *See Oddo v. Asbestos Corp. Ltd.*, 2014-0004, p. 24 (La. App. 4 Cir. 8/20/15), 173 So.3d 1192, 1209-1210 (*citing Landry v. Avondale Industries, Inc.,* 2012-0950 (La. App. 4 Cir. 3/6/13), 111 So.3d 508 (quoting *Rando v. Anco Insulations, Inc.*, 2008-1163 (La. 5/22/09), 16 So.3d 1065)).

In the instant case, CRA/Great Dane's motion for summary judgment was supported by documents obtained through discovery, affidavits and the deposition testimony of several witnesses. In response to one of CRA/Great Dane's interrogatories, the plaintiffs produced Mr. Brindell's Social Security records, which established that Mr. Brindell was employed by PRMMI from only 1976 to 1981. The deposition testimony of Mr. Kain and Mr. Jupiter established that during the period of Mr. Brindell's employment with PRMMI, PRMMI's shipping operations used the Lo/Lo method of loading and unloading cargo containers onto the ships docked at PRMMI's terminal that did not involve the use of trailers, but instead used chassis. Mr. Kain testified that the chassis were the containers' "wheels" and that during this time period, PRMMI's mechanic shop basically "was a chassis shop" used to maintain the chassis' brakes and suspensions in good working order. Mr. Jupiter's deposition testimony established that it was in August of 1982 that PRMMI changed from Lo/Lo operations to the Ro/Ro method

5

of loading[2] and it was then that trailers first appeared at the terminal.  Finally, the affidavit of Mr. Hammond attested, based on his personal knowledge that CRA/Great Dane "never manufactured, assembled or sold standalone chassis for use with oceangoing containers at all."

CRA/Great Dane's argument was straight-forward.  First, given that Mr. Brindell's employment with PRMMI ended in 1981when the Lo/Lo system was still in use and CRA/Great Dane trailers were not and could not have been used by PRMMI until 1982 when Ro/Ro operations began, the time periods for Mr. Brindell's alleged exposure to asbestos from CRA/Great Dane trailers do not coincide.  Second, CRA/Great Dane never made any chassis that were or could have been used by PRMMI during the time period when Mr. Brindell was employed by PRMMI.  As such, the defendant has made a prima facie case that Mr. Brindell could not have been exposed during his employment at PRMMI, as alleged in the petition, to any possible asbestos dust that may have been present in the brakes on any CRA/Great Dane trailers that may have been serviced by PRMMI mechanics in the mechanic shop during that period.  In short, the defendant has met its burden of proof on its motion for summary judgment.

It became incumbent on the plaintiffs to produce factual support sufficient to establish that they will be able to satisfy their evidentiary burden at trial.  Instead the plaintiffs argue that there was some uncertainty in the deposition testimony of Mr. Brindell's former co-workers concerning the exact dates he worked at PRMMI and that perhaps this was enough to create a genuine issue of material fact.  The plaintiffs speculate that Mr. Brindell could have been exposed to asbestos allegedly present in CRA/Great Dane trailers after his employment with PRMMI had ended

---

[2] The timing of this change was confirmed by marine logs reported in the Times-Picayune.

6

because he could have been working at the terminal for another employer, Flexi-Van Leasing. They argue that this conjecture and speculation is enough to create a genuine issue of material fact.

The plaintiffs' argument ignores the objective evidence contained in Mr. Brindell's Social Security records and is contrary to the allegations in the plaintiffs' petition. It is also contrary to the issues raised in CRA/Great Dane's motion for summary judgment. La. C.C.P. art. 966(F) states: "A summary judgment may be rendered or affirmed only as to those issues set forth in the motion under consideration by the court at that time." The official comments to the Article 966 state "that Paragraph F makes clear that, in deciding a motion for summary judgment, a court can only consider the issues raised in the motion or opposition filed by the parties. The court cannot rule on issues not raised by the parties." Furthermore, evidence to support a claim cannot be based on the mere possibility, speculation, conjecture, or unsupported probability. *See Todd v. State, through Dept. of Social Services*, 1993-3090, p. 16 (La. 9/9/97), 699 So.2d 35, 43. As such, the plaintiffs cannot meet their burden at trial.

For the above and foregoing reasons, we affirm the district court's granting of CRA/Great Dane's motion for summary judgment and the dismissal with prejudice of the plaintiffs' action against that defendant.

**AFFIRMED**