| JANICE CLABORNE AND | * | NO. 2023-CA-0182 |
| SHERYL JONES | | |
| | * | |
| VERSUS | | COURT OF APPEAL |
| | * | |
| THE HOUSING AUTHORITY | | FOURTH CIRCUIT |
| OF NEW ORLEANS | * | |
| | | STATE OF LOUISIANA |

* * * * * * *

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2001-20605, DIVISION "D"
Honorable Inemesit O'Boyle, Judge
* * * * * *
**Judge Daniel L. Dysart**
* * * * * *

(Court composed of Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Karen K. Herman)

**LOBRANO, J., CONCURS IN PART, DISSENTS IN PART, AND ASSIGNS REASONS**

Wayne R. Maldonado
Alex J. Granier
UNGARINO & MALDONADO, LLC
3850 North Causeway Blvd.
Suite 1280
Metairie, LA 70002


John W. Hite, III
David P. Salley
Glen E. Mercer
Kourtney Twenhafel
SALLEY HITE MERCER & RESOR, LLC
365 Canal Street
Suite 1710, One Canal Place
New Orleans, LA 70130

Juston M. O'Brien
McGLINCHEY STAFFORD, PLLC
301 Main Street
14th Floor
Baton Rouge, LA 70801

      COUNSEL FOR APPELLEE/PENN AMERICA INSURANCE


Warren Horn
HELLER DRAPER PATRICK & HORN, L.L.C.
650 Poydras Street
Suite 2500
New Orleans, LA 70130-6103

      COUNSEL FOR APPELLEE/GUSTE HOMES RESIDENT
      MANAGEMENT CORPORATION


Dennis J. Phayer
Scott O. Gaspard
BURGLASS & TANKERSLEY, L.L.C.
5213 Airline Drive
Metairie, LA 70001-5602

      COUNSEL FOR B.W. COOPER RESIDENT MANAGEMENT
      CORPORATION


Wayne J. Lee
Heather S. Lonian
Matthew S. Almon
STONE PIGMAN WALTHER WITTMANN L.L.C.
909 Poydras Street, Suite 3150
New Orleans, LA 70112-4042

      COUNSEL FOR DEFENDANT/APPELLANT


**AFFIRMED**

**DECEMBER 20, 2023**

*DLD*
*KKH*

In this class action case, the defendant, The Housing Authority of New Orleans ("HANO"), appeals the district court's granting of the plaintiffs' motion for partial summary judgment on the issue of liability.  HANO also appeals the district court's denial of its own cross-motion for partial summary judgment on the issue of liability.  For the reasons that follow, we affirm the judgment of the district court.

**FACTS AND PROCEDURAL HISTORY**[1]

On December 17, 2001, Janice Claborne and others filed a "Class Action Petition for Certification and Damages[,]" alleging that they suffered damages from their exposure to mold while living in housing developments operated by HANO.  Class certification was granted on June 30, 2014, and the class was defined as:

> all leaseholders and other permanent residents of the HOUSING AUTHORITY OF NEW ORLEANS, from 1998 who were adversely affected by the presence of toxic mold in their apartments as a result

---

[1] For a more detailed version of the factual basis and procedural history of this matter, one may consult both *Claborne v. Hous. Auth. of New Orleans*, 12-0808 (La. App. 4 Cir. 5/29/13), 116 So.3d 984 and *Claborne v. Hous. Auth. of New Orleans*, 14-1050 (La. App. 4 Cir. 4/15/15), 165 So.3d 268.

1

of HANO, Guste, or B.W. Cooper Resident Management Corporations' ("RMC") breach of their contractual duty with HUD pursuant to 24 CFR Part 5, § 5.703(f) to maintain said apartments and common areas 'free of mold' for the benefit of HANO, Guste RMC or Cooper RMC's leaseholders and their permanent residents.

*Claborne v. Hous. Auth. of New Orleans*, 14-1050, p. 16 (La. App. 4 Cir. 4/15/15), 165 So.3d 268, 283.

It was also determined by the district court that the trial of the class action would proceed in two phases.

In Phase 1, the liability issues (e.g. the meaning of "free of mold" as a contractual obligation, whether HANO & the other management defendants factually breached a duty to provide a mold-free environment for the leaseholders (and their permanent domiciliaries) by failing to repair the structural problems allowing water intrusions for purposes of the negligence cause of action; whether the omission and resulting water intrusions in the apartments led to unchecked mold proliferation, whether the documented presence of mold generally has been proven to cause the personal injuries plaintiffs allegedly suffered, and whether the documented instances of mold rise to the level of a nuisance as would be more than a neighbor should be expected to bear by a reasonable person's standard) will be presented on a class basis in a 'first phase' trial.

If the first phase trial results in a "liability" verdict finding that the defendants breached their duty of care, which led to proof of general causation of mold-induced property damage, personal injuries and/or nuisance, the class action will decertify or splinter into a "second phase" to allow the plaintiffs and all putative plaintiffs to individually present their specific causation and damage claims. During this second phase, defendants will also have the opportunity to present individualized evidence as to each individual's comparative negligence in contributing to the mold.

*Id.* p. 19, at 285.

The primary issue to be determined during Phase 1 was not whether there were individual breaches of the class representatives' leases with HANO, but whether there was "unchecked mold proliferation" throughout HANO's properties, caused by HANO's failures that commonly affected all class members. On July

2

21, 2020, the plaintiffs' and HANO's cross-motions for summary judgment on the issue of liability came for hearing before the district court. The district court granted the plaintiffs' motion for summary judgment, while denying HANO's cross-motion for summary judgment.[2] When making its ruling in open court, the district court stated:

> The sworn testimony of all the class representatives, regardless of when or what housing development they lived in, established that they all suffered a breach of contract as a result of the mold in the HANO apartments. Their testimony also shows the consistent failure of HANO to respond to complaints of mold. Each class representative has testified that they had mold in their apartments that they reported to HANO, but which were never remedied. These facts are undisputed. Because this case has been certified as a class action, the proof that HANO is liable to the class representative also establishes that HANO is liable to each class member who suffered damages as a result of the recurring mold in their apartments.

It is from this judgment that HANO now appeals.[3]

**DISCUSSION**

On appeal, HANO raises the following assignments of error: (1) the district court erred as a matter of law by holding that HANO incorporated into its lease agreements a contractual obligation to maintain its apartments absolutely "free of mold" by general reference to "HUD housing standards," despite the fact that there is no congressional authorization and no guidance – from HUD or otherwise – as to how such a standard should be interpreted or applied;[4] (2) the district court erred as a matter of law by imposing liability for "mere inconvenience" contrary to

[2] Initially, HANO filed a supervisory writ with this Court seeking review of the district court's judgment. This Court denied the writ. 20-C-0472.

[3] "[I]n the context of cross-motions for summary judgment, a party may obtain appellate review of the judgment denying its motion when it appeals the judgment which granted the opposing party relief on the issue." *Marseilles Homeowners Condo. Ass'n., Inc. v. Broadmoor, L.L.C.*, 12-1233, p. 3 (La. App. 4 Cir. 2/27/13), 111 So.3d 1099, 1103.

[4] HANO alleges that the district court compounded this error by basing its class-wide liability standard on an inspection deficiency description for apartment ceilings from the HUD REAC Dictionary that is not specific to mold; does not define, or otherwise explain how to interpret or apply, the term "free of mold;" and is not used by HUD as a basis for liability.

Louisiana law; (3) the district court erroneously imposed *de facto* strict liability against HANO on a class-wide basis, without evidence of class-wide mold, fault, or general causation, and contrary to fact and expert evidence that that controverts that finding;[5] (4) the district court erred by ignoring uncontroverted fact and expert evidence that HANO maintained a system-wide program of inspections, maintenance, and repairs to comply with its obligations as a housing authority; that there was never excessive mold in HANO apartments on a class-wide basis; and that HANO was never cited by HUD for any system-wide breach of HUD Regulation §5.703(f); and (5) the district court erred by improperly weighing and/or ignoring fact and expert evidence submitted by HANO, and finding HANO liable on a class-wide basis instead of granting HANO's summary judgment motion or alternatively recognizing that the claims at issue cannot be adjudicated as a class action.

The primary issue now before this Court is whether the district court properly granted the plaintiffs' motion for summary judgment concerning liability, while denying HANO's cross-motion for summary judgment regarding the same subject. The standard of review for a trial court's ruling granting or denying a motion for summary judgment is well-settled and may be stated as follows:

> Appellate courts review the grant or denial of a motion for summary de novo, using the same criteria applied by the trial courts to decide whether summary judgment is appropriate. This standard of review requires the appellate court to look at the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, to determine if they show that no genuine issue as to a material fact exists, and that the mover is entitled to judgment as a matter of law. A fact is material when its existence or nonexistence may be essential to the plaintiff's cause of action under the applicable

---

[5] HANO contends that in doing so, the district court violated the Louisiana law of contract interpretation by failing to construe the lease agreements as a whole and ignoring reciprocal tenant obligations under HUD regulations and the terms of the leases.

theory of recovery; a fact is material if it potentially insures or precludes recovery, affects a litigant's ultimate success, or determines the outcome of the legal dispute. A genuine issue is one as to which reasonable persons could reach only one conclusion, no need for trial on that issue exists and summary judgment is appropriate. To affirm a summary judgment, we must find reasonable minds would inevitably conclude that the mover is entitled to judgment as a matter of the applicable law on the facts before the court.

The summary judgment procedure is designed to secure the just, speedy and inexpensive determination of actions. Summary judgments are favored, and the summary judgment procedure shall be construed to accomplish these ends. The code provides that where [as in the instant case] the party moving for summary judgment will not bear the burden of proof at trial, their burden does not require them to negate all essential elements of the adverse party's claim, but rather to point out to the court that an absence of factual support exists for one or more elements essential to the adverse party's claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that it will be able to satisfy its evidentiary burden of proof at trial, no genuine issue of material fact exists, and the movant is entitled to judgment as a matter of law. The adverse party cannot rest on the mere allegations or denials of his pleadings when a motion for summary judgment is made and supported by affidavits, but is required to present evidence establishing that material facts are still at issue.

*Ducote v. Boleware*, 15-0764, pp. 6-7 (La. App. 4 Cir. 2/17/16), 216 So.3d 934, 938-39; *Johnson v. Loyola Univ. of New Orleans*, 11-1785, pp. 7-8 (La. App. 4 Cir. 8/8/12), 98 So.3d 918, 923-24; *see also Mandina, Inc. v. O'Brien*, 13-0085, p. 9 (La. App. 4 Cir. 7/31/13), 156 So.3d 99, 104-05.[6]

Regarding HANO's first assignment of error, the district court stated: "HANO is liable to each class member who suffered damages as a result of the recurring mold in their apartments." "[A]bsolutely 'free of mold' " was not the standard employed by the district court. This is clear from the district court's own language. The court ruled that HANO was liable for breach of contract, not breach of HUD standards. Furthermore, this Court has already recognized that, "as a

---

[6] La. C.C.P. art. 966 has been amended several times in the past several years, but these amendments are not material to our analysis in the instant case.

5

public safety regulation, 24 CFR §5.703(f) may be utilized in determining whether defendants violated their duties and obligations under Louisiana law." *Claborne*, 14-1050, p. 21, 165 So.3d at 286. There is also no indication that the district court adopted the REAC Dictionary provisions on "water stains, water damages, mold, mildew" as the standard for liability. The court's decision was based on the class-wide contract terms and conditions of the leases. Each plaintiff's damages, if any, will be determined at a later time. Accordingly, HANO's first assignment of error is without merit.

In its second assignment of error, HANO contends that the district court erred as a matter of law by imposing liability for "mere inconvenience" contrary to Louisiana law. The district court found that HANO was liable to the plaintiffs for its breach of contract, the only issue to be addressed at this stage of the proceedings. The testimony of all class representatives established that they all suffered a breach of contract as a result of the mold in the HANO apartments. The individual damages are reserved for Phase II of this class action. Therefore, the issue of whether there is liability based on "mere inconvenience" is premature and can't really be answered until Phase II has determined the individual damage claims. As such, this assignment of error is without merit.

In its third assignment of error, HANO contends that the district court erred in imposing *de facto* strict liability on a class-wide basis without evidence of class-wide mold, fault, or general causation, and contrary to fact and expert evidence that controverts that finding. "A class action is a nontraditional litigation procedure which permits a representative with typical claims to sue or defend on behalf of, and stand in judgment for, a class of similarly situated persons when the question is one of common interest to persons so numerous as to make it

6

impracticable to bring them all before the court." *Claborne*, 14-1050, p. 5, 165

So.3d at 276 (internal citations omitted). "The purpose and intent of class action

procedure is to adjudicate and obtain *res judicata* effect on all common issues

applicable not only to persons who bring the action, but to all others who are

'similarly situated.' " Id. In a class action procedure representatives with typical

claims sue on behalf of, and stand in judgment for, a class of similarly situated

persons. *Id.*

In the instant case, the plaintiffs have sued for breach of contract pursuant to

La. R. S. 40:475[7] and La. R.S. 40:545[8]. Each class representative presented

uncontroverted testimony that they had recurring mold in their apartments for

much of the time they were in HANO housing; told HANO about the mold;

HANO failed to remove the mold; and they testified about the difficulties of living

in a moldy apartment. There has been no imposition of *de facto* strict liability on a

class-wide basis. The court determined that the same standard for liability that

---

[7] La. R.S. 40:475 states:

> An obligee of a housing authority, in addition to all other rights conferred on the obligee, subject only to any contractual restrictions binding upon the obligee, may:
> (1) By mandamus or other action or proceeding for legal or equitable remedies, compel the housing authority and its representatives to perform each and every term, provision, and covenant contained in any contract of the housing authority with or for the benefit of such obligee, and require the carrying out of all covenants and agreements of the housing authority and the fulfillment of all duties imposed upon the housing authority by this Chapter.
> (2) By action or proceeding, enjoin any acts or things which may be unlawful, or the violation of any rights of the obligee.

[8] La. R.S. 40:545 states:

> Except with respect to enforcing any right to indemnification under R.S. 40:516 or any right of an oblige under R.S. 40:475 and 476, and nowithstanding any other provision of the law to the contrary, this Chapter shall not confer upon any person or organization a right of action in any court to enforce this Chapter. Except as otherwise as otherwise stated in this Section, any and all rights to enforce this Chapter are vested exclusively in housing authorities and the municipalities and parishes of this state that establish housing authorities, and without limiting the foregoing, no person or entity not expressly named as a party to a contract entered into by a housing authority shall have any rights of action, by virtue of the status of such person or entity as a third party beneficiary of such contract, or otherwise based upon such contract. Any claim or action in violation of this Section shall be absolutely null and void.

applied to the class representatives will serve as the standard of liability for the class members; the adequacy of class representatives has already been established in this litigation and subject to appellate review. Accordingly, this assignment of error also lacks merit.

In its fourth assignment of error, HANO contends that the district court erred by ignoring uncontroverted fact and expert evidence that HANO maintained a system-wide program of inspections, maintenance, and repairs to comply with its obligations as a housing authority; that there was never excessive mold in HANO apartments on a class-wide basis; and that HANO was never cited by HUD for any system-wide breach of HUD Regulation §5.703(f). This assignment of error is misplaced. Whether HANO maintained a system-wide program of inspections, maintenance, and repairs to comply with its obligations as a housing authority in no way proves that HANO is not liable to the plaintiffs. As stated above, this class action has already been certified and it has been determined that the class representatives adequately represent the class. The plaintiffs' claims against HANO arise out of breach of contract/lease claims. The plaintiffs, through the class representatives, presented undisputed evidence concerning their issues with mold. In short, the plaintiffs made a prima facie showing that HANO was liable for breach of contract/lease and HANO did not rebut this showing.

In its fifth and final assignment of error, HANO contends that the district court erred by improperly weighing and/or ignoring fact and expert evidence submitted by HANO, and finding HANO liable on a class-wide basis instead of granting HANO's summary judgment motion or alternatively recognizing that the claims at issue cannot be adjudicated as a class action. This assignment of error is also misplaced. HANO has failed to identify any material evidence that

8

contradicts the material evidence presented by the plaintiffs. The plaintiffs made a showing that there were no genuine issues of material fact and HANO did not rebut this showing. As such, the granting of the plaintiffs' motion for partial summary judgment precludes the granting of HANO's cross-motion for partial summary judgment. In any event, HANO cannot now argue that the claims at issue cannot be adjudicated as a class action, the certification of this matter as a class action has already been affirmed. *See Claborne*, 14-1050, p. 17, 165 So.3d at 283.

**CONCLUSION**

After conducting a *de novo* review of the record on appeal and considering the assignments of error raised by HANO, for the above and foregoing reasons, we affirm the district court's granting of partial summary judgment on the issue of liability in favor of the plaintiffs. We also affirm the trial court's denial of HANO's motion for partial summary judgment on that same issue.

**AFFIRMED**